JUNE A. DEJOIE, Plaintiff-Appellee, v. PRUDHOMME J. F. DEJOIE, Defendant-Appellant.

(No. 55645;

First District—June 28, 1972.

Leo E. Holt, of Chicago, for appellant.

Howard T. Savage and Mayme F. Spencer, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Defendant, Prudhomme J. F. Dejoie, appeals from orders entered in the Circuit Court of Cook County, Divorce Division, which provide for the payment of temporary alimony to the plaintiff, payment of certain monies to the plaintiff, payment of temporary attorney's fees, the denial of a rehearing, and the issuance of a rule to show cause as to why the defendant should not be held in contempt.

The issues which are considered on this appeal are: (1) whether the defendant was given sufficient notice in plaintiff's petition for an emergency hearing as to the relief to be requested at such hearing; (2) whether the trial court erred in ordering the defendant to make payments which were beyond his ability to pay; and (3) whether the trial court erred in awarding temporary fees.

On February 5, 1970, the plaintiff, June A. Dejoie, filed her complaint for divorce and obtained an order restraining the defendant from disposing of any real estate which he was holding. On February 24, 1970, the defendant filed an answer and an appearance, *pro se*. The case was set for hearing on November 17, 1970.

On October 2, 1970, the plaintiff filed an emergency petition in the Circuit Court, alleging the defendant had refused to make mortgage payments on the house owned jointly by them, and due to this fact the property was in jeopardy of foreclosure. In the emergency petition the plaintiff requested the court order the defendant to pay the mortgage arrearage. The plaintiff served the defendant with notice of the emergency petition as well as with a copy of the same.

A hearing was held on October 6, 1970. At the hearing, the defendant testified to his assets and income for the period from 1961 to the date

of the hearing, including the years of 1966, 1967, 1968 and 1969, in which he received no income. He also testified to his liabilities and his net worth at the time of the hearing. The financial picture which the court heard the defendant describe reflected he, individually, as well as Dejoie and Sons, Inc., a corporation which he founded, were close to being, if not already, bankrupt. Furthermore, the defendant testified his only source of income at the time of the hearing was his salary, which netted him $9,389.53 annually. The defendant also testified to many debts, including support payments for children of a prior marriage and extensive psychiatric care for himself over a period of years. Plaintiff testified she is employed as a statistical assistant at Michael Reese Hospital, earning $125.00 per week. She has an annuity there of $1,600.00—$1,800.00. She also receives $200.00 child support payments per month from her former husband.

In attempting to show the defendant was solvent, and thereby refute his testimony, the plaintiff introduced a financial report based on the defendant's net worth in 1963. The plaintiff acknowledged the fact the defendant was continually under psychiatric care and that she and the defendant had lived lavishly in prior years. The plaintiff did not refute the defendant's contention that his net worth reflected in the 1963 financial report was considerably depleted at the time of the hearing in 1970. The plaintiff also acknowledged the fact that the defendant had no income for the years of 1966, 1967, 1968 and 1969.

Following the testimony, the trial court entered an order which awarded the plaintiff 15% of defendant's net income for temporary alimony (which amounted to $117.30 per month), $1600.00 for payment of back real estate taxes, and $2500.00 in attorney's fees. The court also ordered the defendant to pay all current and back real estate taxes, all current and back utility bills, all mortgage payments, and one-half of the court reporter's bill. The trial court denied the defendant a rehearing on his ability to pay the court-ordered amounts and, thereafter, issued a rule to show cause why he should not be held in contempt for failing to make such payments. The defendant herein appeals from these orders.

■■ The first issue presented for review is whether the defendant was given sufficient notice in plaintiff's petition for an emergency hearing as to the relief to be requested at such hearing. The defendant contends the petition for the emergency hearing did not present the defendant with sufficient notice to merit the relief granted by the court. In the motion for an emergency hearing the plaintiff requested "an Order upon the defendant to pay all mortgage payments, and for such other relief as equity may require." In opening remarks, the plaintiff's attorney ex-

panded upon this request when he stated: "This matter coming to be heard on plaintiff's motion for relief. Regarding the payment of arrears on mortgage, electric and gas bills, and other relief in her sworn complaint for divorce which is based on mental cruelty." This opening statement was not objected to by the defendant, nor did he move to limit the plaintiff to the relief requested in her emergency petition.

We believe Illinois law to be well established in a situation such as this. The Illinois Revised Statutes, 1969, ch. 110, par. 42(3), states:

"All defects in pleadings, either in form or substance, not objected to in the trial court are waived."

We are not presented with any evidence to show the defendant objected to either the pleadings on their face or as amplified by plaintiff's attorney's opening statement. Furthermore, following the opening remarks, plaintiff's attorney called the defendant as a witness under Illinois Revised Statutes, 1969, ch. 110, par. 60. The defendant then fully participated in the hearing and thereby waived any objection to the sufficiency of the notice which he could have raised. In light of the above facts, we believe the defendant not only had sufficient notice as to the relief requested in the petition, but he also had ample opportunity to object to any further relief requested at the hearing. We therefore reject the defendant's contention that he had insufficient notice as to the relief requested.

The second issue raised for review is whether the trial court erred in ordering the defendant to make payments which were beyond his ability to pay. The defendant contends the trial court based the relief ordered on those assets which plaintiff claimed the defendant held in 1961 and 1962. The basis for the defendant's contention is the fact that the only evidence of the defendant's assets which plaintiff presented at the hearing were a financial report written in 1963, based on the defendant's prior assets, and several accounting sheets prepared by the defendant in either 1961 or 1962. The defendant, on the other hand, testified to having received no income in 1966, 1967, 1968 and 1969, to having made a sizeable settlement in a prior divorce, to having incurred extensive psychiatric costs for himself, and to having sold any and all stocks which he had once owned. The plaintiff did not deny or rebut this testimony in any way. In fact, she acknowledged each element which the defendant claimed.

In disregard of the testimony of the defendant, acknowledged by the plaintiff, the trial court based its order on the defendant's prior assets and emphasized its order had such a basis. The law in Illinois is well settled that a court of review will refuse to alter the order of the

trial court unless the court's discretion appears to have been improperly exercised. (*Varap v. Varap* (1966), 76 Ill.App.2d 402.) Furthermore, the award of temporary alimony rests within the discretion of the court and is dependent on the current circumstances of the parties. (*Rabin v. Rabin* (1965), 57 Ill.App.2d 193.) We believe the trial court in the instant case abused its discretion in basing its order on the prior assets of the defendant rather than on his ability to pay at the time of the hearing. We therefore reverse and remand the order of the trial court with instructions to determine the current assets and earnings of the defendant and to base any future order on those current assets and earnings.

■■ The third issue presented for review is whether the trial court erred in awarding temporary attorney's fees. The defendant contends the trial court's award of temporary attorney's fees of $2500.00 without a hearing was in error in light of his denial of his ability to pay such fees.

We accept the defendant's contention as correct. The evidence before the trial court as to the defendant's ability to pay obviously did not merit awarding such fees to plaintiff's attorney. Additionally, the trial court heard no evidence in regard to the value of the services plaintiff's attorney performed. In *Jones v. Jones* (1964), 48 Ill.App.2d 232, the court stated:

"[E]ven if a finding of ability to pay had been made, the granting of the fees would still have been improper because no evidence was heard as to the items of service which were performed, or as to the basis of the amount requested or that such fees were the reasonable and ordinary ones for such services."

In view of *Jones v. Jones, supra,* we find the trial court's award of attorney's fees to be unwarranted. We therefore reverse and remand the award of attorney's fees to the trial court with instructions to hold such hearing as is necessary to determine both the value of the services rendered by the plaintiff's attorney and whether the defendant has the ability to pay fees.

For the reasons discussed herein, the order is reversed and the cause is remanded to the Circuit Court of Cook County with directions.

Reversed and remanded with directions.

BURMAN and ADESKO, JJ., concur.