In re MARRIAGE OF BARBARA EDELBERG, Petitioner-Appellee, and EDWIN EDELBERG, Respondent-Appellant.

First District (2nd Division)    No. 80-2557

Opinion filed March 30, 1982.—Rehearing denied May 3, 1982.

Robert H. Hirsch, of Chicago, for appellant.

Schiller & Du Canto, Ltd., of Chicago (Donald C. Schiller and Laurence M. Moon, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Respondent Edwin Edelberg (Edwin) appeals from an order in favor of petitioner Barbara Edelberg (Barbara) awarding her $17,500 for temporary attorney fees and an additional $12,500 in temporary costs. The issue raised on appeal is whether the trial court abused its discretion in entering the foregoing order. We affirm in part and remand for further proceedings.

The order appealed from was entered in a case which consolidated Edwin's petition for dissolution of marriage and Barbara's petition for temporary custody, child support, maintenance and attorney fees. As to the attorney fees, Barbara filed her own amended affidavit on May 27, 1980, stating that her attorney had to that point spent 110 hours in the instant matter, and anticipated spending an additional 200 hours therein; and seeking $25,000 on account of temporary attorney fees and $20,000 for costs.

A hearing regarding the temporary relief requested by Barbara commenced June 16, 1980, during which evidence was adduced regarding Edwin's financial affairs, particularly those described in his personal financial statement of March 31, 1980, and in an affidavit submitted June

16, 1980, both of which were then introduced into evidence. Edwin's personal financial statement showed an excess of assets over liabilities totaling $2,920,623. Among the assets included were investments made in approximately 20 partnerships formed in connection with land purchases. The liabilities included various loans and notes payable, which represented his share of money due in these partnerships.

In addition to real estate partnerships, Edwin was a partner in "business" partnerships, such as Edelberg, Mayer and Associates, Inc., and LaBoite a Musique International, Inc. (LaBoite), a retail business consisting of eight music box stores. Gross sales for LaBoite as of March 1980 amounted to $1,680,000.

Edwin drove a 1978 Cadillac, and one or another of his businesses paid for its fuel. The primary source of his funds was income from shopping centers, brokerage activities and buying and selling property. In 1978, he earned $783,000 in capital gains; he had not filed an income tax return since then. Edwin's June 16, 1980, affidavit revealed a total cash flow between January 1980 and June 1980 of $324,384, which amount included, *inter alia*: interest and dividends; income from property; "returns" from LaBoite, savings, and Edelberg, Mayer and Associates; and reimbursed expenses. The affidavit also set forth disbursements for the same period totaling $338,804, including, *inter alia*: personal expenses, legal fees; interest on loans; partnership capital contributions; and, the aforementioned loan to LaBoite.

In closing argument, counsel for Barbara stated his firm had accumulated 200 hours in the instant case and expected to accumulate 100 to 150 hours just to complete discovery and go to trial. No evidence was then demanded, offered or received as to this issue.

The court ordered Edwin to pay $17,500 in temporary attorney fees and $12,500 temporary accountants' costs incurred on Barbara's behalf. Edwin's petition for reconsideration was subsequently denied.

Edwin's argument is twofold: (1) the court erred in ordering him, rather than Barbara, to pay her attorney fees and costs; and, (2) the fees awarded were unreasonable, unnecessary and unsupported in the record.

The allowance of temporary attorney fees, as with "final" attorney fees, rests in the sound discretion of the trial court. (*Moore v. Moore* (1977), 53 Ill. App. 3d 228, 233, 368 N.E.2d 545.) Such an award will not be disturbed absent a clear abuse of that discretion. (*Canady v. Canady* (1964), 30 Ill. 2d 440, 446, 197 N.E.2d 42.) The party seeking such an award must show financial inability to pay the fees, as well as the ability of the respondent spouse to pay them. (*Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 400 N.E.2d 56; *Frank v. Frank* (1975), 34 Ill. App. 3d 957, 342 N.E.2d 404.) A party need not be destitute in order to be awarded

attorney fees; inability to pay fees exists where disbursement of available funds would strip the party of his or her means of support. *Donnelley v. Donnelley; Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282.

■■ The evidence here shows that Barbara, 49 years old, had worked part-time for Edwin earning between $3 and $4 an hour, and had only $26,714 in assets, of which $10,350 was owned jointly with her son. In contrast, Edwin received $230,000 in capital gains and a $35,000 salary in 1979 and currently owned 15 to 20 parcels of land which were to be sold. His March 1980 financial statement revealed that his assets exceeded his liabilities by almost $3,000,000. Edwin insists that his assets were illiquid, and that he was without funds to satisfy his current obligations. Evidence in the record revealed, however, and the trial court properly could have concluded, that Edwin controlled the disbursements of his assets. For example, the amount of the "returns" from his various enterprises was in part dictated by his needs; certain debts were in fact satisfied by his businesses; he used funds from one venture to invest in others; and he could expect income from parcels of land to be sold in the future. Accordingly, we conclude that the trial court did not abuse its discretion in requiring Edwin to pay the temporary attorney fees and costs incurred on behalf of Barbara. *Canady v. Canady; In re Marriage of Rizzo* (1981), 95 Ill. App. 3d 636, 651, 420 N.E.2d 555.

■■ As to Edwin's contention that the amount of temporary attorney fees and costs granted was unreasonable, unnecessary, and unsupported in the record, it is well established that the amount of fees allowed depends upon the skill and standing of the attorneys employed, nature of the controversy, novelty and difficulty of the questions at issue, amount and importance of the subject matter, time and labor required, usual and customary charge in the community, and benefit resulting to the client. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 411 N.E.2d 947; *Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 373 N.E.2d 576.) Of these the time factor is usually accorded greater weight than any other. *Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 319 N.E.2d 1; *Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 347 N.E.2d 512.

Edwin maintained, during a hearing seeking reconsideration of the award, *inter alia*, that no testimony or other evidence was submitted by Barbara's attorney relating to the attorney fees allowed. At this point the trial court should have required evidence to be adduced indicating the number of hours spent on the case, quantified as to in-court and out-of-court time, and as to what services were performed and by whom, *i.e.*, partners, associates or law clerks. The court in *In re Marriage of Jacobson* noted that general statements in the record regarding the number of court

appearances made was insufficient to establish a basis for an award of attorney fees. See also *In re Marriage of Dulyn* (1980), 89 Ill. App. 3d 304, 411 N.E.2d 988, wherein fees charged for in-court time were deemed excessive where time was largely spent on routine motions; *Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 400 N.E.2d 56, in which the court, in reducing the amount of fees awarded, took into consideration the absence of evidence in the record as to whether services were performed by partners, associates or law clerks and that, although substantial assets were involved, no novel questions of law were raised. See also *Moreau v. Moreau* (1973), 9 Ill. App. 3d 1008, 293 N.E.2d 680.

■■ In the present case, neither the skill of Barbara's attorney nor the complexity of Edwin's financial affairs is necessarily challenged in this review. General statements made in the record as to hours spent by Barbara's attorneys, the absence of any indication of how much of that time spent by the attorney and her accountant was in-court or out-of-court time, and the lack of evidence as to whether services were performed by partners, associates, or clerks, except as to the accountant, are contrary to the usual practice in establishing a basis for the amount of fees to be awarded. No detailed fee petition was filed and no time sheets introduced, nor was other documentation produced. (See *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 277; *Canham v. Saisi* (1978), 65 Ill. App. 3d 686, 382 N.E.2d 654.) Such documentation, notwithstanding Barbara's suggestion to the contrary, was not contained in pleadings submitted to the court. The fact that only temporary rather than final fees are at issue does not relieve the need for evidence providing a basis for the amount of fees requested by counsel. (See *Moore v. Moore* (1977), 53 Ill. App. 3d 228, 368 N.E.2d 545; *Dejoie v. Dejoie* (1972), 6 Ill. App. 3d 381, 286 N.E.2d 38.) Because of that dearth of evidence concerning the nature and detailed character of time spent in this case by Barbara's attorney and accountant, as outlined above, the fee and cost awards are without support in the record.

■■ Edwin urges that prospective attorney fees may not be awarded in a case such as this, relying upon *In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 420 N.E.2d 796. Barbara counters that the award of prospective attorney fees and costs was proper because the purpose of section 508 of the Marriage and Dissolution of Marriage Act is to diminish any advantage one spouse may have over the other regarding pending litigation between them due to their respective financial circumstances. (Ill. Ann. Stat., ch. 40, par. 508, Historical & Practice Notes, at 635 (Smith-Hurd 1980).) We agree, and hold that a court having jurisdiction, in its discretion, based upon some viable evidentiary basis, may award prospective fees in anticipation of time to be spent in pursuance of pending

litigation. *Justema* did not consider the purpose of section 508 as articulated above; we decline to follow it.

Since, in the instant case, the bases in the record for such awards are insufficient, the awards must be vacated and the cause remanded for further proceedings in accordance with the views expressed herein.

Affirmed in part and remanded for further proceedings.

DOWNING and PERLIN, JJ., concur.