*In re* MARRIAGE OF SHARON SAVAS, Petitioner-Appellee, and DEAN SAVAS, Respondent-Appellant.

First District (5th Division) Nos. 83—1245, 83—2859, 83—2928, 84—2501 cons.

Opinion filed December 6, 1985.

Benjamin P. Hyink, of Benjamin P. Hyink & Associates, of Chicago, for appellant.

Rinella & Rinella, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE MEJDA* delivered the opinion of the court:

This case, which arose from a dissolution proceeding, involves four consolidated appeals. Following the dissolution of the marriage of petitioner Sharon Savas (petitioner) and respondent Dean Savas (respondent), respondent appeals both the dissolution order and two judgments concerning attorney fees in appeal No. 83—1245. Subsequently the trial court entered both an order of protection (protection order) and an order to pay prospective attorney fees (fee order). Respondent appeals these orders in a combined appeal, appeal No. 83—2859 and appeal No. 83—2928, respectively. Finally, in appeal No. 84—2501, respondent appeals the trial court's order granting petitioner prospective attorney fees for the defense of appeal No. 83—2859. We affirm in part and reverse in part.

### FACTS AND PROCEDURAL HISTORY

On September 11, 1981, petitioner filed a petition for dissolution of marriage in which she alleged that respondent was guilty of extreme and repeated mental cruelty. On October 13, 1981, respondent filed his response generally denying the allegations of the petition. The case was dismissed for failure to prosecute on March 2, 1982. On March 23, 1982, however, the trial judge ordered that "*** the order entered on March 4, 1982, [sic] dismissing this for want of prosecution be vacated."

Nevertheless, the cause was again dismissed for want of prosecution on November 1, 1982. The second dismissal was never vacated, and the cause was never formally reinstated. Nonetheless, the case was assigned for trial on November 10, 1982, without objection from either party.

On February 25, 1983, the trial court found respondent guilty of extreme and repeated mental cruelty. Consequently, the court ruled that petitioner was entitled to a dissolution of the marriage. In addition, the court granted custody of the couple's minor child to petitioner, with visitation rights for respondent. Further, the court ordered respondent to make semimonthly payments of $250 for child support and maintenance for three years and semimonthly payments of $150 for child support thereafter. Finally, the court reviewed the division of the couple's marital property previously acknowledged by both parties.

---

*This opinion was authored and concurred in prior to the retirement of Presiding Justice Mejda from the court.

On March 8, 1983, the trial court granted respondent's present counsel, Benjamin P. Hyink & Associates, leave to substitute for respondent's previous counsel, Timpone and Rickelman. Timpone and Rickelman subsequently filed a petition requesting the court to order respondent to pay attorney fees in the amount of $4,237. On May 17, 1983, respondent filed a response, together with a counterclaim, wherein he alleged two counts of attorney malpractice against Timpone and Rickelman.

On May 20, 1983, the trial judge entered a judgment for dissolution. Further, the court ruled respondent was required to pay legal fees to petitioner's counsel, Rinella & Rinella, Ltd., in the amount of $4,725. Respondent was also required to pay the fees demanded by Timpone and Rickelman. In addition, the court dismissed respondent's malpractice counterclaim, ruling that it was not only premature, but also failed to state a cause of action.

On May 25, 1983, respondent filed a notice of appeal for cause No. 83—1245, wherein he raised the following contentions: (1) the trial court lacked jurisdiction to proceed with the cause of action following the dismissals for want of prosecution; (2) the trial court's findings concerning the existence of the marital property settlement was against the manifest weight of the evidence; (3) the trial court abused its discretion in awarding $4,237 to Timpone and Rickelman; and (4) the trial court erred in dismissing respondent's counterclaim against Timpone and Rickelman.

On October 11, 1983, petitioner appeared before the trial court and filed a petition for an order of protection against respondent. Petitioner testified that, during August and September of 1983, respondent verbally threatened her, removed a garden hose nozzle, damaged a dryer vent on the house, and ripped up flowers on the property on three occasions. Respondent denied destroying the dryer vent and ripping out the flowers. The trial judge found petitioner to be an abused person as defined by the Illinois Domestic Violence Act (Ill. Rev. Stat. 1983, ch. 40, par. 2301—3). Consequently, the court entered an order of protection enjoining respondent from striking, threatening or harassing petitioner, or interfering with petitioner's personal liberty. The court additionally granted petitioner exclusive possession of the marital residence, allowing respondent to enter the premises only when exercising his visitation rights. On November 30, 1983, respondent appealed the protection order in appeal No. 83—2854 contending that (1) the trial court lacked jurisdiction to adjudicate petitioner's request for the protection order and (2) the protection order was an abuse of discretion and against the manifest weight of the evidence.

Appeal No. 83—2854 was consolidated with appeal No. 83—2928 wherein respondent appealed a court order for payment of prospective attorney fees. At a hearing on December 1, 1983, both parties testified as to their respective incomes. Thereafter, the trial court found that petitioner's income was insufficient to meet her ordinary living expenses while respondent's income was equal to his present expenses. Consequently, the court ordered respondent to pay $2,800 to petitioner's counsel for the prospective defense of appeal No. 83—1245. Respondent appealed the fee order, contending that (1) the trial court lacked jurisdiction because of the unvacated orders dismissing the original cause for failure to prosecute, (2) the trial court lacked jurisdiction because it was stripped of jurisdiction when respondent filed appeal No. 83—1245 and (3) the fee order was an abuse of discretion.

Finally, respondent appeals from an order allowing prospective attorney fees for the defense of appeal No. 83—2928. On September 20, 1984, the trial judge found that the parties' circumstances and expenses had not changed since the previous fee hearing. The court, therefore, ordered respondent to pay $776 to petitioner's counsel for the prospective defense of appeal No. 83—2928. On October 15, 1984, respondent appealed this order in appeal No. 84—2501, wherein he contended that (1) the trial court lacked jurisdiction because the original appeal was not properly reinstated following the dismissal for failure to prosecute, (2) the trial court was without jurisdiction since it was stripped of jurisdiction when respondent filed the notice of appeal for appeal No. 83—1245 and (3) the order itself was an abuse of discretion.

Petitioner filed a motion to strike certain portions of respondent's initial brief in appeal No. 83—1245 for certain deficiencies. The motion was taken with the case for ruling. The motion to strike is denied.

I

Opinion

Respondent contends in all four appeals that the trial court lacked jurisdiction to adjudicate the dissolution and the subsequent orders from which he has appealed. Initially, he argues that the dismissal of March 2, 1982, was not vacated. The record discloses petitioner's notice of motion to vacate an order dismissing the cause for want of prosecution filed March 11, 1982, and stamped "$20 - Additional Fee Paid," and also an order entered March 23, 1982, that "the order en-

tered on March 4, 1982, dismissing this cause for want of prosecution be vacated." There was no previous order of dismissal to be vacated other than the order of March 2, 1982. It is obvious that the order was to vacate any order of dismissal theretofore entered and to reinstate the cause. We find the contention technical and without merit. Pursuant to our power under Supreme Court Rule 366(a)(3) (87 Ill. 2d R. 366(a)(3)) the order vacating dismissal is amended to read "March 2, 1982."

Respondent, however, further contends that even if the March 23 order was a valid reinstatement, the trial court lost jurisdiction upon the entry of the November 1, 1982, order of dismissal for failure to prosecute. The case was assigned for trial on November 10, 1982, to Judge Jordan before whom the parties thereafter participated in numerous proceedings and trial without objection. Respondent on May 17, 1983, prior to entry of the judgment of dissolution, paid a $50 fee to file his counterclaim against attorneys, Tempone and Rickelman. On May 18, 1983, in reviewing the costs expended by petitioner, it was noted that none were expended to vacate the November dismissal. The trial judge concluded that the assignment judge had vacated dismissal or had entered the dismissal in error. The trial judge stated, "So an order can be prepared to vacate that one." However, no such order appears in the record.

It is a well-established rule that when a court loses jurisdiction following an order of dismissal, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction over their persons and the subject matter of the action. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 456 N.E.2d 11; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 49, 97 N.E.2d 817. See also *Brown v. Miner* (1951), 408 Ill. 123, 96 N.E.2d 530; *Craven v. Craven* (1950), 407 Ill. 252, 95 N.E.2d 489.) The rule of revestment, or reinstatement, is a principle of law adopted by the courts. It allows the parties, by tacit consent, to regard as undone that which ought not have been done without fear that an opponent may later resurrect the dead order; it is a useful and equitable safety net. *Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 398 N.E.2d 287.

Respondent does not dispute the authority supporting the revestment of jurisdiction but contends for the first time on appeal that the rule of revestment is unconstitutional. He maintains that it totally suspends the legislative power to raise revenue by allowing the parties to ignore an order of dismissal and avoid the statutory filing fee prescribed for a motion to vacate such dismissal or for refiling the

action, and that therefore, his continued participation in the trial court proceedings did not revest the court with jurisdiction. He argues that the General Assembly has provided a statutory remedy for parties seeking reinstatement of a cause following an order of dismissal (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) which requires an additional filing fee (Ill. Rev. Stat. 1983, ch. 25, par. 27.2). Respondent concludes that the revestment doctrine improperly interferes with the exclusive revenue raising powers of the State legislature (Ill. Const. 1970, art. IX, sec. 1). We disagree.

■■ The constitutional issue was not raised in the trial court. The rule that issues not raised or preserved for review in the trial court are waived applies to constitutional and unconstitutional issues. (*People v. Lykins* (1979), 77 Ill. 2d 35, 394 N.E.2d 1182, *cert. denied* (1980), 445 U.S. 952, 63 L. Ed. 2d 787, 100 S. Ct. 1602; *Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 505, 322 N.E.2d 25.) In civil proceedings, the acts of the parties to the litigation which by fair inference acknowledge the validity of a statute or rule are binding and preclude an attack thereon as unconstitutional. (*Cochennet v. Ambrose* (1961), 21 Ill. 2d 520, 524, 173 N.E.2d 454; see generally 11 Ill. L. & Prac. *Constitutional Law* sec. 48 (1981).) The right to question the constitutionality may also be waived by participation in litigation where it would be unjust to others to permit objection to be made afterwards. (*Continental Paper Grading Co. v. Howard T. Fisher & Associates, Inc.* (1953), 1 Ill. 2d 37, 44-45, 115 N.E.2d 291.) We find waiver in the instant case. However, in light of respondent's jurisdictional contention, we further consider the question.

■ It has been established that the statutory requirement that filing fees be paid in advance is directory rather than mandatory, and therefore not a necessary predicate to the trial court's acquisition of jurisdiction. (*Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 367 N.E.2d 483; *Ganja v. Johnson* (1972), 6 Ill. App. 3d 701, 286 N.E.2d 775; *Elles v. Industrial Com.* (1940), 375 Ill. 107, 30 N.E.2d 615.) Being merely directory, the failure to pay the fee in advance did not prevent the court from reacquiring jurisdiction. (*Poetz v. Mix* (1951), 7 N.J. 436, 81 A.2d 741.) The mistake, if any, can be corrected afterward by appropriate action. *Wickliff v. Robinson* (1856), 18 Ill. 145; *Poetz v. Mix* (1951), 7 N.J. 436, 81 A.2d 741.

■■ The rule of revestment and reinstatement is a principle of law adopted by the courts. The application of principles of law is inherently a judicial function and article VI, section 1, of the 1970 Constitution vests the exclusive and entire judicial power in the courts. (*Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d

313, 322, 347 N.E.2d 736; Ill. Const. 1970, art. VI, sec. 1.) Under the Constitution the courts have all the power necessary for complete performance of the judicial function. (*People v. Brumfield* (1977), 51 Ill. App. 3d 637, 643, 366 N.E.2d 1130.) The legislature cannot direct the judiciary how cases should be decided nor can it unduly circumscribe the power of courts to determine facts and apply the law to them. (*People v. Spegal* (1955), 5 Ill. 2d 211, 220, 125 N.E.2d 468; Annot., 51 A.L.R.2d 1346 (1957).) However, the limitation does not preclude the legislature from providing an alternative statutory solution to the same objective (*In re Baker* (1978), 71 Ill. 2d 480, 484, 376 N.E.2d 1005), or from enacting laws governing judicial practice which do not unduly infringe on the inherent powers of the judiciary (*Kotche v. County Board* (1980), 87 Ill. App. 3d 1127, 409 N.E.2d 501). In Illinois, because plenary jurisdiction is constitutionally vested in a unitary court, the failure of the parties or the court in a "justiciable matter" to comply with the provisions of a statute or rule may give rise to questions of procedure, but not to questions concerning jurisdiction. *In re Estate of Marcucci* (1971), 5 Ill. App. 3d 484, 493, 285 N.E.2d 141, *rev'd on other grounds* (1973), 54 Ill. 2d 266, 296 N.E.2d 849.

We, therefore, conclude that the doctrine of revestment is not unconstitutional. Although the failure to vacate the dismissal formally and as directed cannot be condoned, the revesting doctrine is appropriate and equitable for application in the instant case.

## II

Respondent next contends that the trial court's finding that there was a property distribution agreement was against the manifest weight of the evidence. He argues that the terms were not definite and certain, and that there was no meeting of the minds as to the 19-inche television console set, hedge trimmers, a snow-blower and a lawn mower which were awarded to petitioner.

Oral agreements as well as written agreements are enforced absent a showing of unconscionabilty. (*In re Marriage of Lorenzi* (1980), 84 Ill. App. 3d 427, 405 N.E.2d 507; Ill. Rev. Stat. 1983, ch. 40, par. 502.) Illinois law favors amicable settlement of property rights in marital dissolution cases. (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 469 N.E.2d 381.) Unless manifestly against the weight of the evidence, the findings of the trier of fact will not be disturbed. *In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1, 441 N.E.2d 1277.

The parties were at all times represented by counsel and represented that they had reached an agreement with respect to custody

and property distribution, and were submitting to the court the remaining issues of maintenance and child support, attorney fees, visitation, temporary support arrearage, educational and medical expenses, and life insurance. On February 3, 1983, respondent testified that a tentative settlement had been reached on the same basis discussed that morning. On February 25, 1983, petitioner testified as to the grounds of cruelty and respondent stated that he was offering no defense. The court found therefrom that each of the parties was entitled to a dissolution of their marriage. Respondent's counsel then presented a transcript of respondent's testimony given on February 3, 1983. Petitioner testified that it was agreed that she was to have custody of their minor child with respondent's visitation to be resolved by the court to accommodate the latter's irregular hours of employment. She stated that she was to receive the marital home and assume payment of the mortgage and $12,500 owed to her brother, and to receive the furniture, furnishings and fixtures on the premises except for items agreed upon. Respondent was then asked, "Can that be agreed upon?" and he answered, "We did agree."

Subsequently, present counsel was substituted as attorney for respondent. Petitioner presented a proposed judgment for dissolution to which respondent filed a response. Counsel and the court, together with the parties, discussed the proposed judgment line by line. Paragraph 14 awarded petitioner all of the household furniture, furnishings, and fixtures in the marital home except for 25 items and groups listed in Schedule "A" which were awarded to respondent. As presented, the schedule set forth, "6. Mechanical and power tools." Petitioner's counsel requested that a lawn mower, snow blower and hedge trimmer "and anything for the maintenance of the house" be expressly excluded. Respondent's counsel did not object to the specified items, but only objected to adding the words "anything to maintain the house." The court ruled that the provision read, "6. Mechanical and power tools excluding hedge trimmer, lawn mower, and snow blower." Respondent's counsel then referred to the provision which recited, "16. All basement furniture including a fiberglass lamp." He stated that a certain console T.V. set had been removed from the basement and was to be included. The court determined that the set was not basement furniture and should be expressly excluded to avoid further dispute thereon. Respondent did not object nor offer any contrary evidence as to items now disputed on appeal.

Whether an agreement exists, its terms and the intent of the parties are questions of fact to be determined by the trier of fact. (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 469 N.E.2d 381.) In

the absence of objection or evidence to the contrary, the above record and testimony is clearly sufficient to show the oral agreement; a property settlement agreement should not be disregarded simply because one party has second thoughts. (*Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832; *In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 469 N.E.2d 381.) Respondent's reliance on *In re Marriage of Parr* (1981), 103 Ill. App. 3d 199, 430 N.E.2d 656, is misplaced. The facts there are inapposite. Our review of the instant record leads to the conclusion that respondent's contention is without merit.

### III

Respondent next contends that the trial court lacked authority to award judgment against him for $4,725, plus $465 costs, in favor of petitioner's attorneys and to award judgment against him for $4,237.50 in favor of his former attorneys, Timpone and Rickelman, because jurisdiction had not been revested. Our determination above that jurisdiction was fully revested is dispositive. The award to petitioner's attorneys is not further challenged.

### IV

Respondent alternatively contends that the award to his former attorneys was excessive and an abuse of discretion. He argues that although petitioner's attorneys had requested an hourly rate of $125 in court and $100 out of court, the court determined as reasonable a rate of $90 in court and $75 out of court. Respondent's present attorney testified that his charges were at the latter rates. Although Timpone and Rickelman have not filed a brief or appearance on appeal, we are not precluded from reviewing the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 354 N.E.2d 493.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508) authorizes an attorney to proceed and be awarded fees in a dissolution proceeding against his own client. See *In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 419 N.E.2d 417.

The allowance of attorney fees is a discretionary matter which will not be disturbed on review absent a clear abuse of discretion. (*In re Marriage of Burrows* (1984), 126 Ill. App. 3d 752, 758, 467 N.E.2d 987.) A discharged attorney is not necessarily entitled to the full amount of a retainer agreement, but is entitled only to reasonable fees on a *quantum meruit* basis. *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 420 N.E.2d 161.

■ Respondent initially emphasizes that attorney Timpone in his oral summation requested a judgment for $3,800, but was awarded $4,237.50. Although respondent has failed to include Timpone's petition for fees in this record, Timpone's time-sheets in evidence show 16.25 hours allegedly expended for office time, 23.25 hours for court time and a payment thereon of $700. Our review disclosed an inadvertent duplication of in-court time of 2.5 hours on February 16, 1983. The amount awarded should be fair compensation for those services which were reasonable and necessary to the action, but the noncourt hours should not be fully compensable as court time. (*In re Marriage of Kruse* (1980), 92 Ill. App. 3d 335, 416 N.E.2d 40.) Moreover, the court is not bound by an attorney's opinion as to what constitutes a reasonable fee, but must consider all of the necessary factors. (*In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361.) Petitioner's attorney whose skill and standing is well respected was awarded $4,725 as reasonable fees. There were no novel or difficult questions of family law raised nor special benefits resulting to the client. (See *In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361; *In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 421 N.E.2d 1308.) The rate of $125 applied by the court exceeds the rate awarded petitioner's attorney by $35 or 28% as to court time, and by $50 or 40% as to noncourt time. Under the standard established in the case, the award is clearly excessive and an abuse of discretion. Upon consideration of the circumstances and the prior payment of $700 by respondent, the judgment will therefore be reduced from $4,725 to $2,800.

## V

Respondent's final contention in appeal No. 83—1245 is that the trial court erred in dismissing his counterclaim alleging legal malpractice against his former attorneys. The counterclaim consisted of two counts. Count I was against attorney Timpone and count II against attorney Rickelman. The court entered an order granting Timpone and Rickelman's motion to dismiss the counterclaim. As noted, the attorneys have not appeared on appeal and no response has been made to this contention.

Before considering the issue on the merits, we are obliged *sua sponte* to inquire whether jurisdiction has been properly invoked on appeal. (*In re Marriage of Rossi* (1981), 100 Ill. App. 3d 669, 427 N.E.2d 294.) Supreme Court Rule 303(c)(2) requires that the notice of appeal "shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court." (87 Ill. 2d R. 303(c)(2).)

Where a notice of appeal is directed solely to specified judgments and no mention is made of a separate and independent judgment, the reviewing court lacks jurisdiction to review the unspecified judgment on appeal. (*Intaglio Service Corp. v. J. L. Williams & Co.* (1983), 112 Ill. App. 3d 824, 831, 445 N.E.2d 1200.) The appellate court cannot review an unspecified order even if it relates to other matters properly before the court. *Kievman v. Edward Hospital* (1984), 122 Ill. App. 3d 187, 190, 460 N.E.2d 901; *Intaglio Service Corp. v. J.L. Williams & Co.* (1983), 112 Ill. App. 3d 824, 831, 445 N.E.2d 1200.

■ Here the notice of appeal stated only that respondent was "appealing from a final judgment of dissolution of marriage which had been supplemented by two judgments for attorneys fee; all three portions of said final judgment were entered on May 20, 1983, and constitute one final judgment." The prayer for relief added "that the aforementioned judgment be reversed, or in the alternative, that the judgment be reversed and the cause remanded for a new trial." The order granting the motion to dismiss the counterclaim was a separate and independent judgment which was neither specified nor included in the notice of appeal. Under these circumstances, we cannot review the contention which is therefore dismissed.

## VI

■ In appeal No. 83—2859, as an alternative to the issue of revestment which has been above resolved, respondent contends that the order of protection entered by the trial court on October 31, 1983, is both an abuse of discretion and against the manifest weight of the evidence. He asserts that his alleged conduct is not within the scope of the Illinois Domestic Violence Act (Ill. Rev. Stat. 1983, ch. 40, par. 2301—1 *et seq.*). Petitioner responds that the actions constitutes harassment within the express definition of the term "abuse." (Ill. Rev. Stat. 1983, ch. 40, par. 2301—3(1).) The order of protection by its own terms expired October 31, 1984.

As a general rule dismissal of an appeal is appropriate if the question has become moot. (*County of Cook v. Malysa* (1968), 39 Ill. 2d 376, 235 N.E.2d 598.) Mootness occurs if an actual controversy no longer exists and the rights or interests of the parties are no longer controverted (*In re Marriage of Wright* (1982), 89 Ill. 2d 498, 434 N.E.2d 293), and therefore, the judgment of the reviewing court would not affect the rights of the parties in the case before it. (*Chicago City Bank & Trust Co. v. Board of Education* (1944), 386 Ill. 508, 54 N.E.2d 498 *cert. denied* (1944), 323 U.S. 734, 89 L. Ed. 588, 65 S. Ct. 70.) An exception to the doctrine exists when the case

clearly involves an important question affecting the public interest which is likely to recur with such frequency that a decision is necessary to provide further guidance. *Johnson v. Board of Education* (1967), 79 Ill. App. 2d 22, 223 N.E.2d 434.

The instant order appealed from has terminated by its own terms. As a result, an actual controversy no longer exists therein and the rights of the parties are no longer controverted, no important question affecting public interest which is likely to recur is presented. The contention is moot and the order of protection is vacated.

## VII

In appeals No. 83—2928 and No. 84—2501, respondent also contends that the trial court was without "authority" to award petitioner prospective attorney fees to defend respondent's pending appeal. He contends that authority was lost upon filing of the prior notices for the pending appeals.

The First District of the Illinois Appellate Court has held that the trial court has jurisdiction to award prospective attorney fees for the defense of a pending appeal because the award is merely collateral to the appeal and involves a matter independent of any question raised by the appeal. (*In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1, 441 N.E.2d 1277; *In re Marriage of Edelberg* (1982), 105 Ill. App. 3d 407, 434 N.E.2d 440; *In re Marriage of Theeke* (1981), 105 Ill. App. 3d 119, 433 N.E.2d 1311; *In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 426 N.E.2d 1087; *In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 419 N.E.2d 598.) Recognizing that it had held otherwise in *In re Marriage of Wright* (1980), 92 Ill. App. 3d 708, 415 N.E.2d 1196 (vacated for mootness by the Illinois Supreme Court (*In re Marriage of Wright* (1980), 89 Ill. 2d 498, 434 N.E.2d 293)), the court in *Theeke* expressly departed from that position in light of the more recent case authorities and found the fees for prospective services were properly awarded. (*In re Marriage of Theeke* (1981), 105 Ill. App. 3d 119, 128, 433 N.E.2d 1311.) The Third District is in accord with *Giammerino* (*In re Marriage of Magnuson* (1984), 128 Ill. App. 3d 130, 470 N.E.2d 9; *In re Marriage of McCartney* (1983), 116 Ill. App. 3d 512, 452 N.E.2d 114; *In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 429 N.E.2d 867.) However, an opposite view is held in the Second District. *In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361; *In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 420 N.E.2d 796.

In the instant case the orders granting prospective fees for the defense of a pending appeal are both subsequent in time and collateral

in nature to the judgments from which the appeal was taken. Accordingly, we adhere to the holdings in the First Division cases above cited and hold that the trial court had authority to award prospective fees to defend the pending appeals.

## VIII

Respondent contends even if the trial court had authority to award prospective fees, the fee awards are nonetheless each an abuse of discretion. In appeal No. 83—2928, petitioner was awarded $2,800, payable at the rate of $350 per month, to defend appeal No. 83—1245. In appeal No. 84—2501, petitioner was awarded $776 to defend appeal No. 83—2928.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508) has been construed to authorize prospective fee awards in appropriate circumstances (*In re Marriage of Edelberg* (1982), 105 Ill. App. 3d 407, 411, 434 N.E.2d 440; *In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 1061, 419 N.E.2d 598). Although the award of fees is within the sound discretion of the trial court, the party seeking an award must show financial inability to pay the fees, as well as the ability of the other spouse to pay them. (*In re Marriage of Edelberg* (1982), 105 Ill. App. 3d 407, 434 N.E.2d 440; *In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 276, 411 N.E.2d 947.) Although there is nothing inherently improper in awarding prospective attorney fees, such awards should be made cautiously. *In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1, 8, 441 N.E.2d 1277.

In the instant case, the court received evidence and testimony pursuant to petitioner's petition to defend the appeal in No. 83—1245. Petitioner's net monthly income was approximately $2,075. This included $975 per month in net earnings, $600 per month from petitioner's mother who lived with her, and $500 per month in maintenance and support from respondent. On the other hand, the evidence indicated that respondent's monthly net income of $1,510 was reduced by the monthly payments ordered for unallocated child support and maintenance. Against the balance of $1,010 per month, respondent claimed $1,500 per month in expenses without including in such expenses his liability to his former and present attorneys. The court found that petitioner's expenses exceeded her income and that her income is insufficient to meet her ordinary living expenses in addition to the costs of litigation, that the income of respondent is equal to his expenses at the time, that an award of the entire fee is inappropriate, and that counsel for petitioner shall be allowed to file a petition for additional

fees at such time as counsel shall exceed the fees awarded with respect to time spent and costs incurred. The court then ordered respondent to pay to petitioner's attorneys $2,800, payable $350 per month, to defend the appeal No. 83—1245.

An award of attorney fees in a dissolution proceeding rests in the discretion of the trial court and will therefore not be disturbed absent an abuse of discretion. (*In re Marriage of Keller* (1982), 108 Ill. App. 3d 556, 439 N.E.2d 44.) Here, however, although the record supports a finding that petitioner was financially unable to pay the fees, the evidence fails to sustain the finding that the income of respondent was then equal to his expenses. Contrary to the latter finding, the record shows that from his net income of $1,010 per month after payment of unallocated maintenance and support that his monthly expenses were in excess of $1,500 and did not include the attorney fees awarded to his former attorneys and to his present counsel. Thus, the record fails to sufficiently show respondent's financial ability to pay the fees. Accordingly, the award of $2,800 against respondent on account of prospective fees to defend appeal No. 83—1245 must be reversed.

In appeal No. 84—2501, respondent appeals from the December 2, 1983, award of prospective fees to defend the pending appeal No. 83—2928. The court in said order found, *inter alia,* that the present income and expenses were approximately the same as stated on December 2, 1983; that respondent's outstanding debts increased substantially due to accumulated attorney fees incurred for prosecution of the three appeals herein; that the court considers the appeals less than meritorious and that the increase in the major debts of respondent is not a significant factor in adjudicating the fees to defend the pending appeal. However, the court also found that because it reduced petitioner's requested hourly rates of $125 for noncourt time and $150 in-court which were reasonable to $75 for noncourt time and $90 for in-court, that the balance of fees not allocated to respondent be the sole responsibility of petitioner. The order awarding attorney fees of $776 was entered in favor of petitioner's counsel and against respondent.

At the hearing preceding the second fee award, the trial court determined that the financial positions of the parties were unchanged since the earlier hearing. Since we are unable to accept the findings of the earlier proceeding, we are compelled to reach the same result with regard to award of fees for the defense of appeal No. 83—2928 and find the same an abuse of discretion. Therefore, the award of $776 against respondent to defend appeal No. 83—2928 must also be reversed.

For the reasons stated, we conclude:

Appeal No. 83—1245, judgment for dissolution of marriage and award of petitioner's attorney fees are affirmed; award of fees to respondent's former attorneys is reduced and affirmed as modified; contention of erroneous dismissal of respondent's counterclaim is dismissed.

Appeal No. 83—2859, appeal of order of protection is vacated for mootness.

Appeal No. 83—2928 and 84—2501, the awards of prospective fees to defend pending appeal are reversed.

LORENZ and SULLIVAN, JJ., concur.