*In re* MARRIAGE OF M. LOUISE PITTMAN, Petitioner-Appellee, and PAUL C. PITTMAN, Respondent-Appellant.

Fifth District   No. 5—89—0655

Opinion filed April 3, 1991.

Patrick Callahan, of Callahan & Moran, of Trenton, for appellant.

Melissa A. Chapman Rheinecker, of Morris B. Chapman & Associates, Ltd., of Granite City, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Husband, Paul C. Pittman, appeals from the judgment of the circuit court of Madison County pertaining to the distribution of the parties' property in the second half of their bifurcated dissolution of marriage proceedings.

Paul and M. Louise Pittman were married in August of 1980. Husband was then 62 and wife 54. He worked for the United States Department of Agriculture, while she worked at Granite City Steel. Wife, how-

ever, gave up her job of 30 years shortly after the parties' marriage. During 1983 and 1984, the parties separated for some six months, but later reconciled and resumed their marriage for a period of another two years. After a second period of separation, the parties decided to dissolve their marriage. A judgment of dissolution of marriage ultimately was entered July 22, 1987, on the issue of grounds only with the property distribution occurring in 1989. In the second half of the proceedings, the trial court awarded each party his or her nonmarital property and then ordered husband to pay wife one-half of the amounts he transferred from marital funds to his children as well as one-half of the funds in husband's First National Bank of Vandalia accounts. Wife was also awarded a 1982 Chrysler automobile and one-half of the ratio of husband's monthly service pension earned during the marriage. Neither party was awarded maintenance, and each was held responsible for his or her own attorney fees and costs.

Husband raises five issues on appeal: the trial court erred in (1) awarding wife $5,000 as reimbursement for her efforts involved in renovating husband's nonmarital property; (2) not awarding husband one-half of the money wife removed from the parties' joint account during their first separation; (3) ordering husband to pay wife one-half of the money loaned to his son during the marriage; (4) requiring husband pay wife one-half of the money in the First National Bank accounts; and (5) finding husband dissipated wife's car while at the same time not awarding him one-half of the marital funds wife used during the marriage to purchase a new car titled in her name alone. We affirm in part and reverse and remand in part.

■ We initially note that in all dissolution cases, the trial court's decisions pertaining to property division will not be disturbed on review in the absence of an abuse of the court's discretion. (*E.g., In re Marriage of Hilkovitch* (1984), 124 Ill. App. 3d 401, 414, 464 N.E.2d 795, 802-03.) In determining whether the court has abused its discretion, the question is not whether we agree with the division, but whether the court acted arbitrarily without employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. (*In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898.) In other words, a court's discretion will be considered abused only when no reasonable man would agree with the decision reached by the trial court. *Hilkovitch*, 124 Ill. App. 3d at 414, 464 N.E.2d at 803.

■ Turning to the first issue, husband contends the court erred in awarding wife $5,000 as reimbursement for her personal efforts in-

volved in renovating the nonmarital property of husband, specifically, a house which the parties used as their marital residence during the first part of their marriage. At the time when the parties married, husband was working out of Carrollton, Illinois. Both husband and wife had residences in other parts of the State, neither of which was particularly close to Carrollton. Husband therefore decided to purchase a residence in Carrollton. Wife chose not to participate in the transaction; consequently, husband purchased the house in his name with his own funds. Shortly after the parties moved in, however, wife began redecorating the house. Wife testified that over a six-month period she wallpapered four rooms and a stairwell, painted nine rooms, put in carpeting for two rooms, installed wainscoting in one room and along the stairway, recaulked and painted 15 windows, hand-sewed curtains for seven rooms, installed shades for 22 windows and put in a garden. She estimated her labor to be worth some $7,000. Husband concedes wife did make some contributions to the refurbishing of the house, but asserts such contributions were not as significant as wife claims nor did they contribute substantially to the appreciation of the property. The trial court, in awarding wife $5,000 as reimbursement for her contributions, necessarily found such contributions to be significant. We cannot say the court's award reveals any abuse of discretion in this instance. There was ample evidence for the trial court's finding. More importantly, it is for the trier of fact to determine the parties' credibility. (See In re Marriage of Hofstetter (1981), 102 Ill. App. 3d 392, 396, 430 N.E.2d 79, 82.) We therefore find no error with regard to this contention. See In re Marriage of Thornton (1985), 138 Ill. App. 3d 906, 918, 486 N.E.2d 1288, 1296. Cf. In re Marriage of Morse (1986), 143 Ill. App. 3d 849, 853-54, 493 N.E.2d 1088, 1091-92.

■ For his second point on appeal, husband contends the court erred in failing to award him one-half of the money removed by wife from their joint accounts upon the parties' first separation. According to husband, wife withdrew some $1,500 from these accounts for moving expenses. While this may be true, the parties reconciled a short time later and cohabited for another two years. Under such circumstances, the trial court did not err in not requiring any repayment, a point which husband conceded in oral argument before this court.

■ Husband next argues the trial court erroneously ordered him to pay wife one-half of a $5,000 loan to his son. Husband claims the money was either loaned before the marriage or, if during the marriage, came from his nonmarital funds. Other evidence, however, revealed the loan was made during the marriage. And, no evidence established the source from which the money was drawn. Again, we are faced with a credibil-

ity issue which the trial court resolved in wife's favor. And once again, we cannot say the court erred in reaching this resolution. Even uncontradicted testimony, if inherently unreasonable or improbable, need not be believed. *Hilkovitch*, 124 Ill. App. 3d at 415, 464 N.E.2d at 803.

Up to this point, we have ruled against husband. But, with respect to issues four and five, we find that husband's contentions not only have merit but also require reversal and reconsideration by the trial court.

██ █ In point four on appeal, husband asserts the trial court erred in directing him to pay wife one-half of the sum of monies (specifically $6,774.35) from his accounts at First National Bank of Vandalia. We have no quarrel with wife's assertions that these accounts now held in the names of husband and his son originally were marital property. Nor do we have any quarrel with requiring husband to pay wife one-half of the sum of the monies in the accounts. The problem lies in the amount to be divided. In making its division, the trial court used a July-August 1988 statement to value the accounts. The parties' marriage, however, was dissolved a year earlier. It is well established that the date of valuing marital assets is the date the judgment of dissolution was entered. (*E.g., In re Marriage of Jones* (1989), 187 Ill. App. 3d 206, 217, 543 N.E.2d 119, 127; *In re Marriage of Frazier* (1984), 125 Ill. App. 3d 473, 476, 466 N.E.2d 290, 293.) The trial court therefore erred in using the value as of July-August 1988 in apportioning these assets. Wife argues husband presented this evidence of value himself at trial and therefore cannot complain on appeal. The truth of the matter is that husband was asked at trial how much money he had in the accounts at the present. No matter what the amount was, the answer was irrelevant to the issue of dividing marital assets. No evidence whatsoever was presented by either party as to the balance in the accounts at the time of the dissolution of their marriage. It would be just as easy to assert wife cannot be heard to complain on appeal for presenting no evidence as to the value of an asset in which she believes she is entitled to share. There simply is no evidentiary basis for awarding wife the figure of $6,774.35, representing one-half of the parties' marital accounts. While we recognize that generally it is the parties' obligation to present the trial court with sufficient evidence of the value of property (see *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 54, 448 N.E.2d 545, 550), in this instance when no evidence whatsoever has been presented, we choose not to allow this portion of the judgment to stand. We therefore remand this issue to the trial court for further consideration.

██ We also remand for further consideration husband's final point on appeal. Husband contends the trial court erroneously awarded wife "her" car purchased during the marriage out of marital funds with-

out requiring any reimbursement to husband based on the finding husband had dissipated wife's nonmarital car. We find absolutely no evidence of dissipation in this instance, no matter which party is believed as to how much mileage was put on wife's nonmarital car during the marriage prior to being traded in. Dissipation generally is defined as the use of marital property for the sole benefit of one spouse for a purpose unrelated to the marriage while the marriage is in the process of breaking down. (See *In re Marriage of O'Neill* (1990), 138 Ill. 2d 487, 497, 563 N.E.2d 494, 498-99; *Aud,* 142 Ill. App. 3d at 331, 491 N.E.2d at 901.) Section 503(d)(1) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 503(d)(1)) by implication adds nonmarital property to this definition as well. While it is true the dissipating party need not derive personal benefit from the dissipation in order to be held accountable (see *Jones,* 187 Ill. App. 3d at 233, 543 N.E.2d at 137; *In re Marriage of Petrovich* (1987), 154 Ill. App. 3d 881, 886, 507 N.E.2d 207, 210), here wife's car was used to further the purpose of the marriage itself. Husband used the car either to drive to work, a use which provided support for both parties, or to visit their respective properties, another joint purpose. We simply cannot find any evidence in the record of dissipation under these circumstances. This does not mean to say the trial court in the distribution of property cannot award the car purchased during the marriage to wife without any corresponding setoff to husband. What we are holding simply is that the basis stated in the trial court's order for doing so is in error. We therefore believe the trial court should reconsider its award without factoring in husband's alleged dissipation of wife's nonmarital vehicle.

For the aforementioned reasons, we affirm in part the judgment of the trial court of Madison County with respect to the issues of reimbursing wife for her contributions to husband's nonmarital property, refusing to award husband one-half of the money wife used for moving expenses during the parties' first separation, and ordering husband to pay wife one-half of the money loaned to his son during the marriage. With respect to the issues of husband's dissipation of wife's car and the valuation of the First National Bank accounts, we reverse and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

LEWIS and GOLDENHERSH, JJ., concur.