*In re* MARRIAGE OF M. LOUISE PITTMAN, Petitioner-Appellee, and PAUL C. PITTMAN, Respondent-Appellant.

Fifth District   No. 5—90—0328

Opinion filed May 14, 1991.

Pat Callahan, of Callahan & Moran, P.C., of Trenton, for appellant.

Melissa A. Chapman, of Morris B. Chapman & Associates, Ltd., of Granite City, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

M. Louise Pittman filed a petition requesting prospective attorney fees to cover the expenses associated with defending the appeal filed by Paul C. Pittman pertaining to their dissolution of marriage. (See *In re Marriage of Pittman* (1991), 212 Ill. App. 3d 99. The circuit court of Madison County awarded Louise $3,500 payable within 30 days of the date of the order. Paul appeals from this order also, arguing the trial court improperly interpreted section 508(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508(a)(3)) in awarding Louise prospective attorney fees. We affirm.

Section 508(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Act) once provided:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with the following:

                              * * *

(3) The defense of an appeal of any order or judgment under

this Act, including the defense of appeals of post-judgment orders." (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(3).)

And, as the statute then stood, a split of authority arose as to whether a trial court could properly make a *prospective* award of attorney fees for defense of an appeal, especially during the pendency of that appeal. Both the first and third districts held that a trial court could properly make such an award (see, *e.g., In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 419 N.E.2d 598; *In re Marriage of McBride* (1981), 102 Ill. App. 3d 84, 429 N.E.2d 867), while the second and fourth districts found such awards improper (see, *e.g., In re Marriage of Pease* (1982), 106 Ill. App. 3d 617, 435 N.E.2d 1361; *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 443 N.E.2d 1089). The rationales given in favor of allowing prospective attorney fees and costs included: (1) the need to diminish any advantage one spouse may have had over the other regarding pending litigation between them because of their respective financial circumstances (see *In re Marriage of Pahlke* (1987), 154 Ill. App. 3d 256, 264, 507 N.E.2d 71, 77; *In re Marriage of Edelberg* (1982), 105 Ill. App. 3d 407, 411, 434 N.E.2d 440, 443); (2) the lack of any language in the Act prohibiting the award of attorney fees during the pendency of an appeal (see *Giammerino*, 94 Ill. App. 3d at 1060, 419 N.E.2d at 600); and (3) the fact that such an award was merely collateral to, involving a matter independent of any question raised by, the dissolution appeal itself (see *Giammerino*, 94 Ill. App. 3d at 1060-61, 419 N.E.2d at 600). (See also *McBride*, 102 Ill. App. 3d at 87-88, 429 N.E.2d at 869-70.) Reasons for rejecting prospective attorney fee awards included: (1) the trial court did not have jurisdiction to make an award of attorney fees for defense of an appeal while that appeal was pending as any award necessarily would have altered a decision then under review by transferring property from one spouse for the benefit of the other (see *Legge*, 111 Ill. App. 3d at 211-12, 443 N.E.2d at 1098); (2) section 508(a), by using the term "incurred," referred to accumulated expenses only, not future ones (see *In re Marriage of Justema* (1981), 95 Ill. App. 3d 483, 487-88, 420 N.E.2d 796, 798-99; *Pease*, 106 Ill. App. 3d at 623, 435 N.E.2d at 1367); and (3) the propriety of an award for legal services to be performed in the future was difficult to review on appeal (see *Legge*, 111 Ill. App. 3d at 212, 443 N.E.2d at 1098; *Pease*, 106 Ill. App. 3d at 623-24, 435 N.E.2d at 1367). Since this split arose, however, section 508(a) has been amended to specifically allow prospective fees. (See Ill. Rev. Stat. 1989, ch. 40, par. 508(a).) Section 508(a) now reads:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and

attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, *expected to be incurred* by the other spouse, which award shall be made in connection with the following: \*\*\*." (Emphasis added.)

The only remaining question then is whether such fees can be awarded during the pendency of the appeal. We believe the first and third districts have correctly answered this question also. We do caution, however, that prospective awards should be made cautiously and are to be based upon some viable evidentiary basis. (*In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 81, 486 N.E.2d 1318, 1327; *Edelberg*, 105 Ill. App. 3d at 411-12, 434 N.E.2d at 443; *Giammerino*, 94 Ill. App. 3d at 1061, 419 N.E.2d at 600.) And, as with any award for attorney fees and costs in a dissolution proceeding, the party seeking such an award must show not only his or her own financial inability to pay but also the ability of the other spouse to do so. (See *Savas*, 139 Ill. App. 3d at 81, 486 N.E.2d at 1327.) We further note such awards rest in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. (See *Savas*, 139 Ill. App. 3d at 82, 485 N.E.2d at 1328; see also *In re Marriage of Sevon* (1983), 117 Ill. App. 3d 313, 319, 453 N.E.2d 866, 870-71.) We see no abuse of discretion in this instance. While the evidence at the hearing on Louise's motion is scanty as to the parties' respective financial resources, the trial court already was well aware of the parties' economic situations, having recently presided over the distribution of their property. In addition, Louise's attorney noted reasonable expenses that had already been incurred and estimated those expected to be incurred through oral argument. Again, the court was already familiar with the parties' respective positions on the various matters appealed and was more than able to evaluate for itself counsel's estimate of expenses and hours to be expended in defense of the appeal. We therefore find no error in the trial court's award of prospective attorney fees and costs during the pendency of Paul's appeal in this instance.

For the aforementioned reasons, we affirm the judgment of the circuit court of Madison County.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.