**Gordon JACKSON, Plaintiff–Appellee,**

v.

**William L. WOODS and Judith K. Woods, Defendants–Appellants.**

No. 93CA0827.

Colorado Court of Appeals, Div. II.

May 19, 1994.

Otto, Miller & Davidson, P.C., Kenneth Davidson, Security, for plaintiff-appellee.

L. Douglas Beatty, Colorado Springs, for defendants-appellants.

Opinion by Judge KAPELKE.

William and Judith Woods (Woods) appeal the trial court's judgment construing the legal description of certain real property in this boundary dispute. The judgment quieted title in plaintiff, Gordon Jackson, and permanently enjoined the Woods from entering upon the property or interfering with Jackson's possession. We affirm.

Both the Woods and Jackson derive their claims of title from a common predecessor. The Woods claim title to a portion of the original parcel described, insofar as pertinent here, as that land:

> which lies North and East of the old County Road, being described by metes and bounds as follows: [the point of beginning], thence S, 4° 30′ East 1189 feet; thence along the road, center thereof; thence N[orth] ... to the place of beginning, containing 26.63 acres....

Jackson claims fee title through a 1949 deed to a parcel which excepts the land above by identical description. The two deeds purport to fix the northern boundary of Jackson's tract, and the Woods' adjoining southern boundary.

Jackson's immediate predecessor in title, a bankruptcy trustee, had a survey performed. The survey revealed a discrepancy between the property as described by the call to the road and that described by the distance to the road. The deed from the bankruptcy trustee to Jackson contains a legal description based on the new survey, which changed the language describing the relevant course and distance with respect to the excepted parcel to "1,069.98 feet to a point on the center line of the old County Road (now known as Trout Creek Road)."

As a result of this survey, Jackson filed this action seeking a permanent injunction prohibiting the Woods from interfering with his possession of the property as newly surveyed and described in the trustee's deed. The Woods denied that the property is correctly described in the bankruptcy trustee's deed and asserted that the correct and controlling description is the distance call of 1189 feet. They further contend that the distance call should prevail since there was evidence that the course of the road might have been altered and that Trout Creek Road might not even be the same road referred to in the earlier deeds as "the old County Road."

Following a bench trial, the court found that the road now known as Trout Creek Road is, indeed, the road referred to as "old County Road" in the previous deeds. Con-

cluding that the call to the center of the road prevailed over the distance call, the trial court entered judgment in favor of Jackson.

The Woods now argue that the court erred by disregarding the distance call. They further contend that the location of the road was uncertain and that the reference to the road in the legal description was merely incidental. We do not agree.

■ We initially note that, in the case of repugnant or contradictory descriptive calls in a deed, the court may reject or disregard the one which is false or mistaken. *Whiteman v. Mattson*, 167 Colo. 183, 446 P.2d 904 (1968).

■ In resolving an inconsistency in a deed, the court should look first to natural monuments, next to artificial monuments, then to courses and distances. *Whiteman v. Mattson, supra; Cullacott v. Cash Gold & Silver Mining Co.*, 8 Colo. 179, 6 P. 211 (1884); 1 R. Patton, *Patton on Titles* § 150 (1957). Monuments control courses and distances, which are considered the least reliable of all calls. *Wallace v. Hirsch*, 142 Colo. 264, 350 P.2d 560 (1960).

■ A "monument," when used in describing land, is any permanent physical object on the ground which helps to establish the location of the line called for, and a monument may be either natural or artificial. A road may serve as such a monument. 1 R. Patton, *Patton on Titles* § 150 (1950). The existence and location of a monument are questions of fact to be determined from the evidence. *Cullacott v. Cash Gold & Silver Mining Co., supra.*

■ Here, the trial court received evidence that the distance call from the point of beginning to the road was erroneous, and there was no evidence of the intent of the parties to the original conveyances. In such a case, the court is justified in applying rules of construction. *See Wallace v. Hirsch, supra.*

The previous deeds through which Jackson traces title demonstrate on their face that the "old County Road" was to serve as the property boundary and that the call is to the center of that road. It is undisputed that, if,

in fact, the road now known as Trout Creek Road is the same monument as old County Road, then the distance of 1189 feet to the center of the road is incorrect.

The record supports the trial court's finding that Trout Creek Road is the "old County Road" referred to in the earlier deeds. The distance call on which the Woods rely is therefore incorrect.

Accordingly, the trial court correctly applied the pertinent rules of construction to the irreconcilable calls and properly quieted title to the disputed property in favor of Jackson.

The judgment is affirmed.

METZGER and JONES, JJ., concur.