**In re the MARRIAGE OF Karen Lee ROSE, Appellee,**

and

**James L. Rose, Appellant.**

**No. 04CA2160.**

Colorado Court of Appeals, Div. IV.

March 9, 2006.

Hunnicutt & Appleman, P.C., William L. Hunnicutt, Robert E. Lanham, Denver, Colorado, for Appellee.

Elaine G. Edinburg, P.C., Elaine G. Edinburg, Edwards, Colorado, for Appellant.

RUSSEL, J.

James L. Rose (husband) appeals from the trial court's temporary orders awarding Karen Lee Rose (wife) maintenance and requiring him to advance her anticipated attorney fees and costs. We affirm.

Wife filed a petition to dissolve the parties' twenty-five-year marriage. She filed a motion for temporary orders, requesting (1) maintenance and (2) attorney fees and costs.

In support of her request for fees and costs, wife explained that the case involved assets worth millions of dollars. Because many these assets came from husband's parents, the litigation would center on determin-

ing the value of the property and the amount of marital appreciation. Wife presented expert testimony about the cost of appraisals and other work that would be necessary to determine the extent and value of marital property.

After hearing the evidence, the trial court awarded wife $3000 per month in temporary maintenance. The court also ordered husband to advance to wife $75,000 for current and anticipated attorney fees and $75,000 for current and anticipated appraisal costs. The court characterized this as an "interim" award and noted that all fees and costs would be subject to a final determination:

> [T]he court concludes the ultimate allocation of, and payment for attorneys' and expert fees will have to be addressed at the final orders hearing. . . . Payment by Husband [of prospective fees] shall not be a waiver by him of any claims at final orders that fees and costs he paid were unreasonable or some other reason justifies an adjustment for sums paid prior to final orders.

■ Husband now appeals the court's temporary orders. We may review these orders as a final judgment. *See In re Marriage of Mockelmann,* 944 P.2d 670, 671 (Colo.App.1997).

## I.  Eligibility for Temporary Maintenance

■ Husband first contends that the trial court abused its discretion in determining that wife was eligible for temporary maintenance. We disagree.

Before maintenance may be awarded, the trial court must make a threshold determination that the requesting spouse lacks sufficient property, including marital property, to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. Section 14–10–114(3), C.R.S.2005; *In re Marriage of Page,* 70 P.3d 579 (Colo.App.2003).

Credibility determinations lie within the discretion of the trial court. *In re Marriage of Mohrlang,* 85 P.3d 561 (Colo.App.2003).

Here, the trial court found that wife met the threshold need for maintenance. The court considered the in-kind payment that

wife received in the form of a residence at the ranch where she kept her horses. The court found that wife could no longer earn money by boarding horses at her own ranch. And the court discounted evidence, introduced through the testimony of husband's expert, that wife could earn a substantial salary by managing a horse facility.

We conclude that the trial court's findings are sufficiently supported by the record and therefore find no abuse of discretion. *See In re Marriage of Page, supra; In re Marriage of Lee,* 781 P.2d 102, 105 (Colo.App.1989).

## II.  Amount of Temporary Maintenance

■ Husband contends that the trial court abused its discretion in setting the amount of temporary maintenance. We disagree.

Once the statutory threshold for an award of maintenance has been met, the amount and duration of maintenance are to be based on the parties' financial resources; the recipient's need for education or training; the standard of living established during the marriage; the age and condition, both physical and emotional, of the recipient; and the payor spouse's ability to meet his or her own needs while meeting those of the recipient. Section 14–10–114(4), C.R.S.2005; *In re Marriage of Page, supra.*

■ An award of maintenance will not be reversed absent an abuse of discretion. *In re Marriage of Page, supra.* We will not disturb the trial court's factual findings unless they are clearly erroneous and lack support in the record. *In re Marriage of Huff,* 834 P.2d 244, 255 (Colo.1992).

Here, the trial court ordered husband to pay wife $3000 per month because this was the "allowance" that husband had given wife for groceries and other expenses. The court also ordered husband to pay for wife's medical care and her health and car insurance because husband had been paying those expenses as well. The court found that husband had the ability to meet his own needs while meeting those of wife.

We conclude that, for the purposes of temporary orders, it was not arbitrary or unfair for the court to rely on the allowance and

other expenses paid by husband as evidence of wife's reasonable needs. We therefore find no abuse of discretion.

### III. Prospective Fees and Costs

■ Husband argues that the trial court lacked authority to order him to advance wife prospective fees and costs under § 14–10–119, C.R.S.2005. We disagree.

Our primary function in interpreting statutes is to ascertain and give effect to the intent of the legislature. To discern that intent, we look first to the plain language of the statute. If the language is clear and the intent appears with reasonable certainty, we do not resort to other rules of statutory construction. *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986).

Section 14–10–119 does not directly address whether a trial court has authority to order an advance payment of prospective fees and costs:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Notwithstanding the absence of express direction, husband contends that the phrase—"services rendered and costs incurred"—signals the legislature's intent to prohibit an order for prospective fees and costs. We disagree. Because the phrase is modified by the words "prior to the commencement of the proceeding or after entry of judgment," it cannot be read to limit a court's ability to act while litigation is pending. And because it is prefaced by the word "including," the phrase merely clarifies that trial courts have authority over events that might otherwise be regarded as beyond their reach.

Husband similarly argues that, by allowing courts to award fees and costs "from time to time," the legislature impliedly indicated that courts should never award fees and costs before the services have been provided. We again disagree. "The statutory language 'from time to time' anticipates the appropriateness in a particular case of requiring that the fee, whether prospective or already incurred, be paid in increments rather than in a lump sum." *Neidlinger v. Neidlinger,* 52 S.W.3d 513, 521 (Ky.2001) (construing substantially similar Kentucky statute).

Because the plain language of § 14–10–119 does not answer the question directly, we must consider whether one party's interpretation better comports with the overall statutory scheme. *See* § 14–10–102(1), C.R.S. 2005 ("This article shall be liberally construed and applied to promote its underlying purposes."); *In re Marriage of Cargill,* 843 P.2d 1335, 1338 (Colo.1993) (courts must choose a construction that serves of the purpose of the legislative scheme).

We conclude that wife's interpretation better serves the purposes of the Uniform Dissolution of Marriage Act (UDMA). By allowing orders for prospective fees and costs, wife's interpretation provides a tool that may be used, in the sound exercise of a trial court's discretion, to diminish the advantage that one spouse may have over the other in litigation because of their respective financial circumstances. This serves to "mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." Section 14–10–102(2)(b), C.R.S.2005; *see In re Marriage of Page, supra* (attorney fee awards under § 14–10–119 serve to ensure that neither party suffers undue economic hardship as a result of the proceedings).

We also must consider whether one party's interpretation has become the dominant view in cases decided by courts in other states. Because § 14–10–119 is part of a uniform act, it should be construed to promote uniformity among the states that have adopted the same statute. Section 14–10–104(1), C.R.S.2005; *In re Marriage of Cargill, supra.*

We conclude that wife's position is well supported by decisions from other states. Although some courts have adopted the view advanced by husband, *see In re Marriage of*

*Bliss,* 187 Mont. 331, 609 P.2d 1209, 1212 (1980), most courts have concluded, on the basis of statutes substantially similar to § 14–10–119, that prospective fees and costs may be advanced. *See Svetich v. Svetich,* 425 N.E.2d 191 (Ind.Ct.App.1981); *Neidlinger v. Neidlinger, supra; State ex rel. Carlson v. Aubuchon,* 669 S.W.2d 294 (Mo.Ct.App. 1984).

Citing *In re Marriage of Hauger,* 679 P.2d 604, 608 (Colo.App.1984), husband argues that wife's position is contrary to Colorado precedent. We reject this argument. In *Hauger,* a division of this court reviewed an award of prospective fees that was structured so that it had the effect of penalizing one party for exercising the right to contest extraordinary expenses. The division reversed this particular award but did not address whether other prospective awards might be permitted under § 14–10–119.

Having examined the statute's language and underlying policy, and after considering pertinent authorities from Colorado and other states, we conclude that wife's interpretation is correct: trial courts have authority under § 14–10–119 to advance prospective fees and costs during the litigation of a dissolution of marriage action.

■ We now consider whether the trial court abused its discretion in advancing prospective fees and costs in this case. We conclude that the trial court acted within the scope of its discretion.

The advancement of prospective fees and costs "should be made cautiously and [is] to be based upon some viable evidentiary basis." *In re Marriage of Pittman,* 213 Ill. App.3d 60, 157 Ill.Dec. 177, 571 N.E.2d 1196, 1197 (1991). But when an order for prospective fees and costs is subject to a review for reasonableness, it is much like a retainer. *See Kyle v. Kyle,* 582 N.E.2d 842, 850 (Ind. Ct.App.1991).

Here, the trial court ordered husband to pay wife $75,000 for attorney fees and $75,000 for appraisal costs. The court made sufficient findings to support a conclusion that this amount was reasonable and justified by the relative economic circumstances of the parties. *See* § 14–10–119; *In re Marriage of Tagen,* 62 P.3d 1092, 1097 (Colo.App.2002).

The court's findings are supported by the evidence. Wife's expert testified that wife would incur substantial attorney fees because it would be necessary to trace husband's significant separate property, to value the hobby farming business, and to investigate the different values placed on husband's separate property. Wife's expert also testified that he had examined the monthly billings provided by wife's attorney and concluded that the amounts were reasonable. Husband's expert opined that each side would need approximately $60,000 to $75,000 to litigate the case to permanent orders.

Because the court will decide the ultimate allocation of fees and costs at permanent orders, and because husband will be entitled to contest the reasonableness of any fee or cost that he is ordered to pay, we conclude that the interim order is reasonable and within the scope of the court's discretion.

The orders are affirmed.

Judge ROY and Judge CARPARELLI concur.