**Roque R. MORALES, Plaintiff–Appellee,**

v.

**CAMB, a Colorado general partnership; Max Garwood; Peterson Family, LLC, a Colorado limited liability company; and G & B, a Nebraska partnership individually and as members of CAMB, Defendants–Appellants.**

No. 05CA1392.

Colorado Court of Appeals, Div. II.

March 22, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

James A. Beckwith, A. R., Arvado, Colorado, for Plaintiff–Appellee.

Isaacson Rosenbaum, P.C., Blain D. Myhre, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge CRISWELL [*].

In this boundary dispute litigation, defendants, CAMB, Max Garwood, Peterson Family, LLC, and G & B, a Nebraska partnership, appeal from the summary judgment entered in favor of plaintiff, Roque R. Morales (Morales). We affirm.

I.

Because the judgment below was entered in response to a motion for summary judgment, we review that judgment on a de novo basis. *Grynberg v. Karlin*, 134 P.3d 563 (Colo.App.2006).

The Vasquez Village subdivision in the Town of Winter Park, Colorado was surveyed, platted, and approved in 1981. It contained eight lots. The subdivision plat as approved contained a "Surveyor's Certificate," which attested that the monuments required by Title 38, Article 51, C.R.S.1973, had been placed on the ground.

The pertinent statute, now § 38–51–105, C.R.S.2006, requires that the "external boundaries of platted subdivisions" are to be "monumented on the ground," that the boundaries of all blocks be monumented before any sale is made and that the boundaries of any lot be established by monuments within one year of the sale. Section 38–51–105(1), C.R.S.2006. The subdivision here, however, contains only eight lots; it has no lots within a block, as such. Moreover, it is undisputed that monuments were placed at the corners of each of the lots before the subdivision plat was approved.

Through various conveyances, defendant CAMB acquired title to lots 3, 4 and 5, and plaintiff obtained title to lot 6, which abuts lot 5 on its north. All of the pertinent conveyances referred only to the Vasquez Village subdivision plat for their legal descriptions.

In 2002, CAMB began planning to re-plat its three lots for development of a town home project. In re-surveying these lots, it was discovered that the monuments marking the boundary between lots 5 and 6 were inconsistent with at least one distance call shown on the Vasquez Village plat. While this distance was shown as 25 feet on the plat, the monument was placed some 38 feet from the pertinent prior point. Further, while the monument for the southeast corner of lot 6 was consistent with a distance call on the plat for that location, it is some 13 feet south of the

[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

location of the boundary line as depicted on the plat. Both monuments, therefore, exist some 13 feet south of the boundary between the two lots as shown on the plat.

As a consequence, if the monuments are determined to be the true points establishing the southern boundary of plaintiff's lot 6, that lot will have an additional strip of about 13 feet, containing about 1197 square feet, added to the lot as shown by the line on the recorded plat. But if the boundary line on the plat is determined to represent the proper boundary, this strip would be a part of lot 5.

To have a judicial determination of the proper location on the ground of this boundary line, plaintiff instituted this action. After the parties had filed cross-motions for summary judgment, the trial court granted plaintiff's motion, ruling that the monuments controlled the location of the boundary line and that they superseded any inconsistent distance call or boundary line referred to or depicted on the subdivision plat. We agree with this determination.

## II.

Defendants contend that the district court erred in quieting title in favor of plaintiff because the intent of the grantors was to convey the lots by reference to the subdivision plat and not as located by the monuments. We are not persuaded.

■ If there appears to be a misdescription in a deed, a court must ascertain the true intent of the parties. *Wallace v. Hirsch,* 142 Colo. 264, 268–69, 350 P.2d 560, 562 (1960); *see Lazy Dog Ranch v. Telluray Ranch Corp.,* 965 P.2d 1229, 1235 (Colo. 1998)(in construing a deed, it is paramount to ascertain intent of parties).

However, certain rules of construction are used to disclose that intent.

■ First, "[i]t is a well settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or grant itself." *Spar Consol. Mining & Dev. Co. v. Miller,* 193 Colo. 549, 552, 568 P.2d 1159, 1161–62 (1977), citing *Cragin v. Powell,* 128 U.S. 691, 9 S.Ct. 203, 32 L.Ed. 566 (1888).

Here, then, the deeds conveying lots 5 and 6 to the parties incorporated all of the items of information on the plat, including the surveyor's certificate attesting that appropriate monuments had been placed on the ground, as required. *See Spar Consol. Mining & Dev. Co. v. Miller, supra.*

■ Further, it is a general rule that the monuments placed by the original surveyor are conclusive on all persons owning or claiming to hold with reference to such survey. *Everett v. Lantz,* 126 Colo. 504, 514, 252 P.2d 103, 108 (1952). "Monuments control courses and distances, which are considered the least reliable of all calls." *Jackson v. Woods,* 876 P.2d 116, 118 (Colo.App.1994). "The courses and distances in a deed always give way to the boundaries found upon the ground, or supplied by the proof of their former existence, where the marks or monuments are gone." *Cullacott v. Cash Gold & Silver Mining Co.,* 8 Colo. 179, 183, 6 P. 211, 214 (1885)(citing *Lodge v. Barnett,* 46 Pa. St. 477 (1864) ); 12 Am.Jur.2d Boundaries § 74 ("Where land is disposed of by reference to an official plat, the boundary lines [as] shown on the plat control. In locating land upon the ground from the calls and descriptions in the map, plat, or field notes referred to, the same primary rules apply as exist in the locating of calls and descriptions in a deed containing no such reference, that is, the various calls are given the same order of preference. In case of conflict, monuments control plats or maps, and an actual survey controls over a plat or a map.")

In the trial court, CAMB presented an affidavit from a registered professional land surveyor who averred that, using the field notes for the Vasquez Village subdivision, the descriptions contained in those notes were consistent and allowed the exterior boundary lines of that subdivision to "close." However, CAMB's surveyor averred that, if the locations of the monuments were used as the

boundary indicators, the resulting description of the subdivision's exterior boundary would not close. Hence, this expert concluded that the discrepancy between the monuments and at least one distance call on the plat resulted from the misplacement of the monuments, or a "field blunder," and that the distance calls and boundary line as reflected on the plat, rather than the monuments, should control the location of the pertinent boundary.

The trial court rejected this ultimate conclusion, and so do we.

Even if we assume that both monuments were mis-placed, the rule that monuments control over distance and course calls on the plat is nevertheless applicable and the monuments still control the boundary location. *See Everett v. Lantz, supra, citing Ben Realty Co. v. Gothberg,* 56 Wyo. 294, 109 P.2d 455 (1941) (monument mis-placing 8th standard parallel still controls description of land in grant).

*Duane v. Saltaformaggio,* 455 So.2d 753 (Miss.1984), does not support a contrary conclusion. The exception to the general rule relied upon by the court in that case is limited to those rare instances in which the locations of monuments are themselves inconsistent, thereby creating a conflict between monuments.

Here, the parties do not dispute that the pertinent monuments are located consistently with each other. Hence, we need not decide whether the rule of the precedence of monuments has any exception under Colorado law, because the only conflict here is between the location of the monuments on the ground and the distance call and boundary line depiction on the plat.

We conclude, therefore, that the district court correctly determined the location of the disputed boundary line.

The judgment is affirmed.

Judge ROTHENBERG and Judge TERRY concur.