The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
September 20, 2018

**2018COA143**

**No. 17CA1295, In re Marriage of Durie — Civil Procedure —
Court Facilitated Management of Domestic Relations Cases —
Disclosures**

A division of the court of appeals considers whether the
district court erred in granting husband's motion to dismiss wife's
motion to reopen the division of marital property under C.R.C.P.
16.2(e)(10).  Following *In re Marriage of Runge*, 2018 COA 23M, 415
P.3d 884, the division concludes that C.R.C.P. 12(b)(5) and the
"plausibility" standard set forth in *Warne v. Hall*, 2016 CO 50, 373
P.3d 588, do not apply to a Rule 16.2(e)(10) motion.

The division also concludes, as matters of first impression,
that a moving party may make allegations on information and belief
in a Rule 16.2(e)(10) motion and that such party may be permitted
to undertake discovery to support his or her motion.

Accordingly, the division reverses the district court's order and remands the case with directions.

Court of Appeals No. 17CA1295
Douglas County District Court No. 14DR30238
Honorable Michael Spear, Judge

In re the Marriage of

Steven R. Durie,

Appellee,

and

Kelly J. Durie, n/k/a Kelly J. Simmerman,

Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TAUBMAN
Welling and Kapelke*, JJ., concur

Announced September 20, 2018

Epstein Patierno, LLP, Steven B. Epstein, Wendy J. Smock, Denver, Colorado, for Appellee

Stevens, Littman, Biddison, Tharp & Weinberg, LLC, Craig A. Weinberg, Boulder, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1    What happens when a spouse in a post-dissolution of marriage proceeding believes that the other spouse failed to disclose facts that materially impacted the valuation of a significant marital asset — their business — during negotiations for their separation agreement before the entry of the decree?  C.R.C.P. 16.2(e)(10) provides a mechanism for that spouse to seek to reopen the division of marital property if the other spouse made misstatements or omissions concerning material assets.  However, the rule does not address whether such a motion may be countered with a motion to dismiss, whether the moving party may make allegations based on information and belief, or whether the moving party is entitled to undertake limited discovery in support of his or her motion.

¶ 2    In this case, we follow the division's opinion in *In re Marriage of Runge*, 2018 COA 23M, 415 P.3d 884, concluding that filing a motion to dismiss under C.R.C.P. 12(b)(5) is not proper.  We also conclude, as matters of first impression, that a moving party may make allegations on information and belief and that such party may be permitted to undertake discovery to support his or her motion.

## I. Overview

¶ 3     In this post-dissolution of marriage proceeding between Steven R. Durie (husband) and Kelly J. Durie (wife), now known as Kelly J. Simmerman, wife appeals the district court's order dismissing her motion to reopen the property division.

¶ 4     About three years after the district court entered a decree incorporating a separation agreement dividing the parties' marital property, wife moved under Rule 16.2(e)(10) to reallocate proceeds from husband's post-decree sale of business assets.  In response, husband filed a motion to dismiss wife's motion, which the district court granted.  Wife appealed.

¶ 5     Both parties initially focused their arguments on whether the district court properly applied Rule 12(b)(5) and the "plausibility" standard set forth in *Warne v. Hall*, 2016 CO 50, 373 P.3d 588.  After the parties submitted their briefs but before oral argument, a division of this court decided *Runge*, holding that Rule 12(b)(5) and the *Warne* plausibility standard do not apply to a Rule 16.2(e)(10) motion.

¶ 6     Therefore, we asked the parties to address this holding of *Runge* during oral argument, as well as whether wife could allege

facts on information and belief in her motion and whether she was entitled to conduct discovery on her motion. Wife's counsel asserted at oral argument (1) that he did not agree with the *Runge* division's holding and (2) that C.R.C.P. 7(b)(1) provided an appropriate standard for determining whether to allow a party to proceed on a motion under Rule 16.2(e)(10) by requiring that such a motion "state with particularity the grounds therefor, and . . . set forth the relief or order sought." For his part, husband's counsel agreed with the *Runge* division's holding, but also argued that Rule 16.2(e)(10) is essentially an anti-fraud provision, and therefore a motion under that rule must comply with C.R.C.P. 9(b), which requires that in all pleadings "aver[ring] . . . fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Wife maintained that her motion set forth sufficient facts under any standard to warrant discovery, while husband urged us to affirm the district court's order under any of the asserted standards.

¶ 7     We now reverse the district court's order and remand with directions for further proceedings.

## II. Background

¶ 8     Husband filed for divorce in April 2014.  At the parties' request, the district court incorporated a separation agreement dividing the marital estate in a decree of dissolution issued in September 2014.  Under the separation agreement, husband received the parties' business interests with an equalization payment due to wife for half of the value.  In the separation agreement, the parties agreed that the total business assets were valued at $878,589.  A joint appraisal expert had valued the business assets at $855,000 investment value and $770,000 fair market value as of August 2014.  Additionally, wife hired an independent expert, who valued the business assets at just under $920,000.

¶ 9     In 2017, wife moved under Rule 16.2(e)(10) and under a similarly worded provision of the separation agreement to set aside or reopen the property division and reallocate the proceeds from husband's post-decree sale of a portion of the business interests.

¶ 10     Wife alleged in her motion that husband had failed to disclose facts that materially impacted the value of the parties' business assets.  Specifically, she alleged that in October 2015 — just over a

4

year after the decree was entered — husband sold a portion of the business interests that were allocated to him under the separation agreement to a Tennessee company for $6,900,000, over 850% more than the parties' joint expert had valued the total business interests.

¶ 11     She further alleged, on information and belief, that husband had traveled to Tennessee in May 2014 and had "engaged in negotiations to sell a portion of the business" interests prior to the parties entering into the separation agreement.  Wife claimed that,

> [u]pon information and belief, Husband had been in negotiations with [the Tennessee purchaser] involving a deal or potential deal to sell [the business or a portion thereof] prior to the time that the joint expert had performed his valuation.  Upon information and belief, Husband failed to disclose and intentionally concealed material facts that impacted the value of the parties' business and the valuation performed by [the expert] and/or failed to update the information to [the expert] or Wife once those negotiations commenced.

¶ 12     Husband moved to dismiss wife's motion, asserting that she had not alleged sufficient facts to trigger Rule 16.2(e)(10).  Husband admitted that he had sold "some" of the business assets in October 2015 for $6,900,000 to a Tennessee purchaser.  He further

admitted that he had travelled to Tennessee in May 2014, but denied that the purpose of the trip was to engage in any negotiations. Nevertheless, husband argued that there was no basis to reopen the property division because the parties had retained a joint valuation expert to appraise their businesses before entering into the separation agreement.

¶ 13    Wife responded, arguing that, although husband had not set forth a standard for evaluating his motion, the court should treat it as one under Rule 12(b)(5). Thus, wife argued that *Warne*'s plausibility standard applied. She asserted that she had stated plausible grounds for relief. She also requested attorney fees under section 13-17-102, C.R.S. 2017, or, alternatively, under section 14-10-119, C.R.S. 2017.

¶ 14    The district court applied the plausibility standard as articulated in *Warne* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), and held that wife's allegations were insufficient "to nudge her claim from conceivable to plausible." It therefore granted husband's motion to dismiss. The district court did not address wife's request for attorney fees.

¶ 15    We now consider wife's appeal in light of *Runge* and the

questions addressed at oral arguments.

### III. Rule 16.2

¶ 16    "[T]he purpose of Rule 16.2 [is] to provide a uniform procedure

for resolution of all issues in domestic relations cases that reduces

the negative impact of adversarial litigation wherever possible."

C.R.C.P. 16.2(a). *See generally In re Marriage of Schelp*, 228 P.3d

151, 155, 157 (Colo. 2010); *In re Marriage of Hunt*, 2015 COA 58,

¶ 9, 353 P.3d 911, 913. To that end, the rule imposes an

affirmative duty on parties in domestic relations cases to "disclose

all information that is material to the resolution of the case without

awaiting inquiry from the other party." C.R.C.P. 16.2(e)(1).

¶ 17    Specifically, parties in dissolution proceedings must provide

certain mandatory financial disclosures, which are specified in the

appendix to the rule, as well as a sworn financial statement with

supporting schedules, if applicable. *See* C.R.C.P. 16.2(e)(2) & app.

form 35.1. The rule also imposes a general duty on parties "to

provide full disclosure of all material assets and liabilities."

C.R.C.P. 16.2(e)(10); *see also* C.R.C.P. 16.2(e)(1) (imposing on

parties in domestic relations cases "a duty of full and honest

7

disclosure of all facts that materially affect their rights and interests").

¶ 18    As relevant here, Rule 16.2(e)(10) provides as follows:

> If the disclosure contains misstatements or omissions, the court shall retain jurisdiction after the entry of a final decree or judgment for a period of 5 years to allocate material assets or liabilities, the omission or non-disclosure of which materially affects the division of assets and liabilities.  The provisions of C.R.C.P. 60 shall not bar a motion by either party to allocate such assets or liabilities pursuant to this paragraph.  This paragraph shall not limit other remedies that may be available to a party by law.

This provision serves the important purpose of providing a remedy when a party fails to comply with the rigorous disclosure requirements of Rule 16.2.  *See* David M. Johnson et al., *New Rule 16.2: A Brave New World*, 34 Colo. Law. 101, 106 (Jan. 2005) (stating that the provision "gives teeth" to the mandatory disclosure requirements).  Rule 16.2(e)(10) also "gives equitable powers to the court in cases where a material asset or liability has not been disclosed." *Id.*

## IV.  Standard of Review

¶ 19    We review de novo whether the district court applied the correct legal standard in ruling on the motions.  *Freedom Colo. Info., Inc. v. El Paso Cty. Sheriff's Dep't,* 196 P.3d 892, 897-98 (Colo. 2008).  Similarly, because it raises a question of law, we review de novo the district court's interpretation of the rules of civil procedure.  *City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co.,* 239 P.3d 1270, 1275 (Colo. 2010).

## V.  Discussion

¶ 20    Wife contends that the district court erred in dismissing her Rule 16.2(e)(10) motion to set aside or reopen the property division and to allocate the post-decree sale proceeds husband received.  We agree.

### A.  Applicability of Rule 12(b)(5) and *Warne*

¶ 21    As noted, both parties on appeal addressed whether the district court misapplied Rule 12(b)(5) and *Warne*'s plausibility standard.  However, their briefing preceded this court's decision in *Runge.*

¶ 22    As discussed, the majority in *Runge* "conclude[d] that the *Warne* 'plausibility' standard does not apply to the dismissal of a

9

motion under C.R.C.P. 16.2(e)(10)." *Runge*, ¶ 3, 415 P.3d at 886. The *Runge* majority reached that conclusion for two reasons. First, the husband in *Runge* did not cite Rule 12(b)(5) in his motion to dismiss, and the district court did not rely on Rule 12(b)(5) as authority. *Id.* at ¶ 17, 415 P.3d at 887. Second, and more importantly, the wife's motion under Rule 16.2(e)(10) could not be considered a "pleading" under C.R.C.P. 7(a), and Rule 12(b)(5) "by its express terms" applies only when a party moves to dismiss a claim for relief in a *pleading*. *Id.* at ¶ 18, 415 P.3d at 887.

¶ 23    Here, as in *Runge*, husband did not cite Rule 12(b)(5) as authority in his motion to dismiss. In response, wife "presume[d]" that husband had relied on Rule 12(b)(5) and argued that her Rule 16.2(e)(10) motion should not be dismissed. Following wife's lead, the district court characterized husband's motion as a motion to dismiss for failure to state a claim and dismissed wife's motion. We agree with the *Runge* division that Rule 12(b)(5) and the plausibility standard do not apply in determining wife's motion under Rule 16.2(e)(10).

¶ 24    We therefore conclude that the district court erred in dismissing wife's motion under that standard.

## B. Applicability of Rule 9(b)

¶ 25    We also reject husband's contention, raised during oral argument in response to our questions, that C.R.C.P. 9(b) applies in this context. Rule 9(b) requires that pleadings asserting fraud or mistake must allege the circumstances with particularity.[1] Rule 16.2(e)(10) does not refer to fraud, but permits reallocation of marital property not disclosed due to "misstatements or omissions." A party could unintentionally misstate or omit a material marital asset or liability and, in such a situation, would not engage in fraud. *See* Johnson et al., 34 Colo. Law. at 106 ("Sometimes a nondisclosure will be innocent; other times it may be purposeful. In either event, the innocent spouse will have the right in the domestic relations case to seek the proper remedy within the five-year period after the entry of a final decree or judgment.").

¶ 26    Here, wife alleged intentional nondisclosure on husband's part. In other cases, parties may allege unintentional nondisclosure. Thus, contrary to husband's contention at oral argument, not all motions under Rule 16.2(e)(10) will "sound[] in

---

[1] The reference to mistake in C.R.C.P. 9(b) is inapplicable here because there is no allegation of mistake.

11

fraud."  *See State Farm Mut. Auto. Ins. Co. v. Parrish*, 899 P.2d 285, 289 (Colo. App. 1994) (construing Rule 9(b) to apply to claims of civil conspiracy, intentional misrepresentation, unjust enrichment, and theft by deception).  While some claims not denominated as fraud may be subject to the pleading requirements of Rule 9(b), *id.*, that conclusion does not apply, for the reasons stated, to motions filed under Rule 16.2(e)(10).  As a result, we conclude that the particularity requirement of Rule 9(b) does not apply to motions under Rule 16.2(e)(10).

### C.  Allegations Based on Information and Belief

¶ 27    The parties disagree as to whether a movant under Rule 16.2(e)(10) can make allegations based on information and belief.  C.R.C.P. 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct.  When a pleader is without direct knowledge, allegations may be made upon information and belief."  Although a motion under Rule 16.2(e)(10) is not a pleading, *Runge*, ¶ 18, 415 P.3d at 887, Rule 8(e)(1) nevertheless states that "[n]o technical forms of pleading *or motions* are required."  (Emphasis added.)  Thus, we conclude that the specific provision of that rule allows a party to make allegations based on information and belief

12

in motions as well as pleadings, at least in the context of a Rule 16.2(e)(10) motion.[2]

¶ 28    That conclusion is bolstered by the plain language of Rule 16.2(e)(10), which allows the reopening of the property division provisions of the permanent orders where there has been a failure to disclose "material assets or liabilities" or when a spouse's disclosures regarding an asset contained "misstatements or omissions."  A moving party may make allegations based on "information and belief," Rule 16.2(e)(7), because he or she may not have complete information about the circumstances of an alleged misstatement or omission.  *Cf. Gray v. Univ. of Colo. Hosp. Auth.*, 2012 COA 113, ¶ 46, 284 P.3d 191, 200 (holding that pleadings based on information and belief are permissible, "especially in cases in which the information is more accessible to the defendant" (quoting *Johnson v. Johnson*, 385 F.3d 503, 531 n.19 (5th Cir. 2004))).

---

[2] We express no opinion as to whether a motion under C.R.C.P. 16.2(e)(10) containing factual allegations based solely on information and belief would be sufficient to satisfy the rule's requirements.

¶ 29    Thus, we conclude that wife properly included allegations based on information and belief in her motion.

D. Standard for Consideration of Rule 16.2(e)(10) Motion

¶ 30    Rule 16.2(e)(10) provides no applicable standard for determining a motion under the rule. In *Runge*, the majority did not articulate a precise standard, but concluded that the wife's "vague assertions [we]re not sufficient to trigger an allocation of omitted or misstated assets under C.R.C.P. 16.2(e)(10)." ¶ 27, 415 P.3d at 889 (describing wife's assertions as "suspicions and speculations").

¶ 31    In the absence of any express standard, we conclude that a district court must decide whether a former spouse moving under Rule 16.2(e)(10) is entitled to relief under the preponderance of the evidence standard. *See generally* § 13-25-127(1), C.R.S. 2017 ("[T]he burden of proof in any civil action shall be by a preponderance of the evidence."). The moving party bears the burden of proof.

¶ 32    In some cases, a moving party's motion may not allege facts sufficient to warrant even limited discovery, a topic we discuss below, and the district court in those cases could deny a party's

14

motion as insufficient on its face. *See* C.R.C.P. 121, § 1-15(5) (providing that district court can deny motion without a hearing). In this circumstance, some motions may be patently insufficient and thus warrant no discovery. *Cf.* § 14-10-122(1)(b), C.R.S. 2017 (requiring that a court deny a motion for modification of a child support order if applying the guidelines would result in "less than a ten percent change in the amount of support due per month"); *In re Balanson*, 25 P.3d 28, 36 (Colo. 2001) (concluding that a district court's error in dividing marital property will be deemed harmless if, "viewed in the aggregate," it does not affect a large percentage of the marital estate).

¶ 33    We conclude that wife's allegations here did not enable the district court to conclude that her motion was insufficient on its face. Wife alleged that husband sold marital property — part of the parties' business — for 850% of its appraised value a little over a year after the entry of permanent orders. She further alleged on information and belief that husband had begun negotiations to sell this part of the business before the entry of permanent orders and had failed to disclose such negotiations and possible sale during the

negotiations over their separation agreement. These allegations were sufficient to warrant further proceedings on wife's motion.

¶ 34 Thus, on remand, the district court must determine whether wife can prove by a preponderance of the evidence that husband omitted facts material to the valuation of their business interests during the negotiations for their separation agreement and before the entry of the permanent orders. *See* C.R.C.P. 16.2(e)(1).

## E. Discovery

¶ 35 We now turn to whether, on remand, wife is entitled to undertake discovery in support of her motion. We conclude that she is.

¶ 36 Rule 16.2(e)(10) does not expressly permit a party to undertake discovery. However, other provisions of Rule 16.2 indicate that discovery is appropriate in these circumstances.

¶ 37 First, Rule 16.2(a) expressly "govern[s] case management in . . . post decree matters." The rule also "contemplates management and facilitation of the case by the court, with the disclosure requirements, discovery and hearings tailored to the needs of the case." Similarly, Rule 16.2(b) provides that "[t]he parties, counsel and the court shall evaluate each case *at all stages*

to determine the scheduling of that individual case, as well as the resources, disclosures/discovery, and experts necessary to prepare the case for resolution or hearing." (Emphasis added.) Finally, Rule 16.2(f)(4) provides that "[t]he court shall grant all reasonable requests for additional discovery for good cause as defined in C.R.C.P. 26(b)(2)(F)." Thus, Rule 16.2 authorizes discovery where appropriate, including in post-decree matters such as proceedings initiated under Rule 16.2(e)(10).

¶ 38 In addition, Rule 26(b)(1) provides that generally parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party and proportional to the needs of the case. Therefore, the notion of proportionality allows the district court to regulate discovery so it is not burdensome or undertaken as part of a fishing expedition. *See In re Marriage of Gromicko*, 2017 CO 1, ¶¶ 27-41, 387 P.3d 58, 62-64 (discussing importance of tailoring discovery in domestic relations cases); *see also* C.R.C.P. 16.2(a) (noting that the district court can "tailor[] [discovery] to the needs of the case"). Specifically, the *Gromicko* court held that the district court must take an active role in managing discovery and "should, at a minimum, consider the

cost-benefit and proportionality factors set forth in C.R.C.P. 26(b)(2)(F)." ¶ 30, 387 P.3d at 63.

¶ 39    Finally, we note that the supreme court in other contexts has expressed the importance of liberal interpretation of discovery rules to effectuate their truth-seeking purpose. *See Antero Res. Corp. v. Strudley*, 2015 CO 26, ¶ 26, 347 P.3d 149, 157 (concluding that the Colorado Rules of Civil Procedure do not "authorize a trial court to condition discovery upon the plaintiff establishing a prima facie case").

¶ 40    We consider discovery especially important in the context of Rule 16.2(e)(10), where the movant spouse is unlikely to possess relevant information precisely because he or she is claiming that the other party failed to disclose material assets or liabilities. *See Runge*, ¶ 64, 415 P.3d at 894 (Taubman, J., dissenting) (noting that, in most cases, "discovery may be necessary to establish whether an initial disclosure of assets and liabilities contained material misstatements or omissions").

¶ 41    We acknowledge that the majority in *Runge* stated that Rule 16.2(e)(10) "does [not] provide for post-decree discovery into an ex-spouse's assets." ¶ 40, 415 P.3d at 891. In our view, that

language is dicta because the *Runge* majority determined that the wife's motion in that case was insufficient to trigger the rule, and, therefore, the majority's position on discovery was not essential to its determination. In any event, to the extent the *Runge* majority looked only to Rule 16.2(e)(10), we conclude that the other provisions of Rule 16.2 noted above support the right of a movant under Rule 16.2(e)(10) to conduct discovery in a manner regulated by the district court so that it is not burdensome.

¶ 42 Here, wife alleged and husband admitted that he sold part of the business for $6.9 million, about 850% of its valuation at the time of the decree. Wife also alleged on information and belief that husband had begun negotiations to sell the business — unbeknownst to her, the joint appraisal expert, or her independent expert — prior to the entry of permanent orders.

¶ 43 In keeping with the principle of proportionality expressed in Rules 16.2 and 26, the district court may, on remand, appropriately limit wife's discovery to the issue of whether husband engaged in negotiations to sell the business assets before the parties entered into the separation agreement. Thus, contrary to husband's

arguments, allowing wife to engage in limited discovery should not be burdensome for husband.

¶ 44    Accordingly, we conclude that wife made sufficient allegations to warrant discovery on the specific issue of whether husband engaged in negotiations to sell business assets prior to the entry of permanent orders.  We express no opinion as to whether wife will establish facts supporting her motion via discovery.  However, we conclude that she should be afforded the opportunity to do so.

### VI.  Attorney Fees

¶ 45    Wife sought attorney fees in the district court under section 13-17-102 for responding to husband's motion to dismiss, and prospectively under section 14-10-119 in order to litigate her Rule 16.2(e)(10) motion.  Based on its dismissal of wife's motion, the district court did not rule on her request for attorney fees under either provision.

¶ 46    We conclude that wife is entitled to seek attorney fees under section 14-10-119 on remand.  Section 14-10-119 provides that, "after considering the financial resources of both parties," a court may order one party "to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding" under

20

Article 14, including proceedings after entry of judgment under Article 14. A motion filed under Rule 16.2(e)(10) is a proceeding under Article 14. Thus, regardless of the district court's ruling on the merits of wife's motion, wife is entitled to seek attorney fees under this statute based on the district court's consideration of the parties' financial resources. Similarly, wife may seek prospective attorney fees under section 14-10-119 and *In re Marriage of Rose*, 134 P.3d 559, 562-63 (Colo. App. 2006). The determination of prospective attorney fees under that section lies within "the sound exercise" of the district court's discretion on remand. *Rose*, 134 P.3d at 562.

¶ 47     However, we conclude that wife is not entitled to attorney fees under section 13-17-102. Even though she has prevailed on appeal, this case has presented issues of first impression. Thus, husband's motion to dismiss did not lack substantial justification.

## VII. Appellate Attorney Fees and Costs

¶ 48     Both parties request appellate attorney fees and costs. As she did in the district court, wife requests her fees under sections 13-17-102 and 14-10-119. Husband requests his fees under section

13-17-102, arguing that wife abused process in bringing this appeal.

¶ 49     We deny both parties' requests under section 13-17-102. As noted above, this appeal has raised novel issues of law in Colorado, and we therefore cannot say that either party brought or defended an action that "lacked substantial justification." § 13-17-102(2).

¶ 50     As for wife's claim under section 14-10-119, we conclude that she is entitled to seek her appellate attorney fees on remand. Based on the district court's assessment of the financial resources of both parties, it may elect in its discretion to award wife appellate attorney fees on the basis of section 14-10-119.

## VIII.  Conclusion

¶ 51     Accordingly, the order is reversed and the case is remanded for further proceedings consistent with this opinion.

JUDGE WELLING and JUDGE KAPELKE concur.